THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILFRED J. HINSMAN, Defendant.

County Court, Schenectady County, July 8, 1943.

*Thomas J. Dwyer* for defendant.

*William M. Nicoll, District Attorney,* for plaintiff.

LIDDLE, J. The defendant, Wilfred Joseph Hinsman, was indicted by a Grand Jury of the County of Schenectady, on September 23, 1940, and accused of the crime of assault in the first degree.

The indictment charges that on or about July 16, 1940, in the town of Duanesburg, Schenectady County, he, with intent to kill one Edward Sutkus, discharged a twenty-two-caliber rifle into the body of said Sutkus, contrary to section 240 of the Penal Law of the State of New York.

He was duly arraigned, and a motion was duly made by his counsel, Mr. Thomas J. Dwyer, that he be transmitted from the Schenectady County Jail to the Utica State Hospital for a mental examination, pursuant to section 659 and following sections of the Code of Criminal Procedure. The motion was granted and defendant transferred to Utica State Hospital, and he was in due time returned to the court.

The report of the psychiatrists and mental examiners of the Utica State Hospital, on November 14, 1940, diagnosed the defendant as follows in the summary: "Taking into consideration this man's Oedipus situation and father hatred, in which the army officer, as well as Mr. Sutkus, became father surrogates, it is not difficult to understand the defendant's action in shooting Mr. Sutkus. In our opinion this man is suffering from dementia praecox with criminalistic traits and should be committed to the Matteawan State Hospital for the criminal insane."

Upon the report this court determined that the defendant was unable to understand the charge against him or to make his defense to the crime of which he was indicted, and duly committed him to the Matteawan State Hospital as criminally insane. On December 6, 1940, he was admitted to the Matteawan State Hospital for the criminally insane, where he still remains.

Counsel on his behalf now moves that the indictment be dismissed and that the defendant be ordered discharged or committed to some other hospital. The District Attorney, William M. Nicoll, opposed the motion for the dismissal of the indictment.

A motion for a dismissal of an indictment and the discharge of a defendant is addressed to the sound discretion of the court. The indictment alleges an atrocious assault.

The defendant for several years has suffered nervous upsets, has reacted to hallucinations, has heard voices and has con-

tinued to be agitated by reason thereof. At one time he expressed the idea that he should kill his commanding officer in some department of the army of which he was a member. By reason thereof he was granted a " medical discharge."

Upon his return to his home he remained in his room most of the time, with the curtains drawn. He claimed that at the time of the commission of the crime as set forth in the indictment, "A sort of animal instinct came over me."

Counsel for the defendant argues that this indictment is deterring the recovery of the defendant. Not three years have elapsed since the commission of this offense. It seems that the public peace and safety of the community is paramount, under a statement of facts similar to these. It appears that this defendant is still suffering from a mental disorder known as dementia praecox with paranoid tendencies; that he still is unable to comprehend and prepare for trial and that, by reason of all the facts and circumstances within the knowledge of this court, a grave injustice to the public peace and safety of the people of the State of New York, as well as this defendant, would result if this indictment at this date were dismissed.

From a re-examination by the court of the psychiatrists' and mental examiners' report of the Utica State Hospital, as well as a more recent independent investigation made by the court, it appears that the defendant is still suffering from a grievous mental disorder.

Application for dismissal accordingly denied. The District Attorney will submit order accordingly.