**UNITED STATES of America**

**v.**

**Sidney W. LEVY.**

**Crim. No. 2519.**

United States District Court
N. D. Florida,
Tallahassee Division.

Aug. 13, 1964.

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for plaintiff.

Julius F. Parker, Tallahassee, Fla., for defendant.

CARSWELL, Chief Judge.

The issue presented to the Court here is whether the indictment against defendant should be dismissed on the asserted grounds of double jeopardy.

The factual situation giving rise to this matter is as follows:

Following the return of the indictment by the grand jury it was suggested by counsel for this defendant that the defendant was mentally incompetent to understand the nature of the proceedings against him or to cooperate with counsel in his defense. Acting upon this suggestion the Court directed that he be examined by competent psychiatrists and a full hearing was held to determine his competency. Upon the testimony there adduced the Court determined that the defendant was, in fact, competent to stand trial, that he understood the nature of the proceedings against him and was able to cooperate with counsel in his own defense. Thus the matter stood until the case was called for trial some months later.

Pursuant to previous notice the case was called for trial and the respective parties announced that they were ready to proceed. In the normal course of events a jury was called from the general venire, individual jurors examined by the Court and counsel, and twelve jurors acceptable to the parties were sworn to try the factual issues presented by the indictment and the defendant's plea of not guilty. Witnesses were called and sworn. Counsel for the Government made a brief opening statement.

All proceeded normally until counsel for the defendant stated in his opening statement that the defendant was at that very moment mentally incompetent. The Court at this point interrupted counsel in his statement and excused the jury to look into the matter further. It was made clear that counsel for defendant was, in fact, making the contention that the defendant was then and there mentally incompetent in the legal sense that he was unable to understand the nature of the proceedings against him or to cooperate with counsel in his defense. Counsel for defendant announced that he was ready to proffer testimony by a competent psychiatrist to this effect. Thereupon the Court on its own motion called for a hearing on the issue of the defendant's mental competence under the provisions of 18 U.S.C. § 4244. The United States offered no objection to this procedure, stating that it would only ask that the Court consider the testimony and record of the previous hearing, to which there was no objection by counsel for defendant.

Counsel for defendant now moves for dismissal of the indictment on grounds of double jeopardy contending that when the jury was sworn on February 27, 1964, his client was placed in such jeopardy under the law that he could not now be tried again.

Both defendant and the Government cite the case of Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), as authority for their respective positions. In that case Justice Douglas wrote the majority opinion for a Court divided 5–4, and reversed a conviction obtained at a second trial on grounds of double jeopardy. The factual situation in this case was strikingly different from the one at hand. In Downum a mistrial was declared by the trial judge shortly after the jury had been sworn at the request of Government counsel upon his announcement that one of the chief prosecution witnesses had not been served with a summons and because no other arrangements had been made to assure his presence. After a full review of earlier decisions, including Cornero v. United States, 9 Cir., 48 F.2d 69, the majority in Downum reversed the conviction on a second trial, making it clear that the discretion to discharge the jury before it reached the verdict is to be exercised "only in very extraordinary and striking circumstances" citing these words of Mr. Justice Story in United States v. Coolidge, 25 Fed.Cas. p. 622, No. 14,858, and saying further that the prohibition of the Double Jeopardy Clause is "not against being twice punished; but against being twice put in jeopardy." Justice Douglas notes however that "[e]ach case must turn on its facts."

 It is clear that the situation here cannot be equated with Downum. In Downum it was the unexcused negligence of the Government attorney in announcing his readiness for trial, when, in fact, he had not subpoenaed a necessary witness that was the basis of the Court's holding of double jeopardy. In the case before this Court the first suggestion that something was awry occurred upon the suggestion of defense counsel when he addressed the jury. It was at this point that the attention of the Court was first called to the fact that the defendant before it was possibly incompetent in a legal sense. Since such persons are not triable before our courts the matter was necessarily clarified before any further steps could be taken. It should be made explicit that the question presented to the Court here was whether or not the defendant, Sidney W. Levy, was at that moment mentally incompetent. Conversely, it should be made clear that the asserted affirmative defense of the defendant, Sidney W. Levy, that he was mentally incompetent at the time of the acts alleged in the indictment was not before the Court. The affirmative defense, of course, was properly a question for the jury and the jury alone to determine. By like token, under the provisions of 18 U.S.C. § 4244 et seq., the question of mental competency of the defendant then and there was one for the Court.

A very careful reading of the cases cited in Downum both by Justice Douglas and in the dissenting opinion of Justice Clark, and the very recent case of United States v. Tateo, 84 S.Ct. 1587, decided June 8, 1964, makes it clear that the factual situation presented to this Court was certainly of such "imperious" and "urgent necessity" as to require a declaration of mistrial without barring a second prosecution. In Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949), the Supreme Court said:

"We are asked to adopt the Cornero rule under which petitioner contends the absence of witnesses can never justify discontinuance of a trial. Such a rigid formula is inconsistent with the guiding principles of the Perez decision [United States v. Perez, 9 Wheat. 579, 6 L.Ed. 165 (1824)] to which we adhere. Those principles command courts in considering whether a trial should be terminated without judgment to take 'all circumstances into account' and thereby forbid the mechanical application of an abstract formula. The value of the Perez principles thus

## 664

lies in their capacity for informed application under widely different circumstances, without injury to the defendants or to the public interest."

■■ There can scarcely be any argument that there was an urgent and imperious necessity for the Court to declare a mistrial where the defendant before the Court was determined to be mentally incompetent. Any purported effort to try such a person is void *ab initio*, the entire process of calling the case for trial, selecting jurors, etc., being a complete nullity. This is a far cry from the circumstances of failing to subpoena necessary witnesses without excuse.

Accordingly, defendant's motion to dismiss the indictment against him is denied and the case is set for trial at the next ensuing term.