**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Pickens DAVIS, Jr., Defendant-Appellant.**

**No. 17128.**

United States Court of Appeals
Sixth Circuit.

Aug. 16, 1966.

* Harvey M. Johnsen, 8th Circuit, sitting by designation.

Wilkes T. Thrasher, Jr., Chattanooga, Tenn., for appellant.

Charles J. Gearhiser, Asst. U. S. Atty., Chattanooga, Tenn. (J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief), for appellee.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from the order of the district court committing defendant-appellant to the custody of the Attorney General under 18 U.S.C. § 4246, until he became mentally competent to stand trial.

Defendant was indicted for bank robbery and kidnapping. One indictment charged him with robbing the Red Bank Branch of the Hamilton National Bank, Chattanooga, Tennessee, and with assaulting three bank employees and putting their lives in jeopardy by use of a

.38-caliber revolver, in violation of 18 U.S.C. § 2113(d). The other indictment charged him with kidnapping Dr. Robert G. Demos, and transporting him in interstate commerce from Chattanooga, Tennessee, to Rome, Georgia, and holding him for ransom or reward or otherwise, to facilitate defendant's escape and to avoid apprehension, in violation of 18 U.S.C. § 1201.

Defendant was arrested during the night following the bank robbery and kidnapping, March 26, 1965, or in the early morning of March 27. On March 30 defendant executed an affidavit of indigence and requested the appointment of counsel to assist him in preparation for his trial. The district court appointed two reputable attorneys of the Chattanooga bar, Mr. Henry Grady and Mr. Ward Crutchfield.

On April 3, 1965, the United States Attorney filed a motion requesting a hearing as to the mental competency of defendant to assist in his defense. The court directed an examination pursuant to 18 U.S.C. § 4244. On June 3, 1965, a hearing was held, in which Dr. James S. Cheatham, the examining psychiatrist at Moccasin Bend Psychiatric Hospital at Chattanooga, filed his report and testified. The court concluded that defendant was not capable at that time of cooperating with his counsel and accordingly entered an order directing that he be committed for proper treatment.

Thereafter defendant was taken to the United States Medical Center at Springfield, Missouri. A report dated September 27, 1965, from the psychiatric staff at the Medical Center expressed the opinion that defendant at that time was competent to cooperate adequately with counsel to present the defense of his case. A further hearing was held on November 19, 1965, at which Dr. Louis Moreau from the Medical Center testified and defendant also made a statement. From this hearing the court concluded that defendant was competent to stand trial.

Trial was set for December 15. At a preliminary hearing on December 9 defendant requested the court to discharge his attorneys and appoint additional counsel. The court ruled that the motion was not based on good cause and denied the request, but designated a third attorney, Mr. Wilkes T. Thrasher, Jr., who also is a reputable member of the Chattanooga bar, to assist in the defense of the accused. As a result of this hearing, the trial date was cancelled and defendant was ordered transported to the office of Dr. Cheatham for further psychiatric examination.

On January 10, 1966, the defendant again moved that his attorneys be discharged. The court refused this request and a further hearing was held as to defendant's competency. The court reserved judgment until January 13, 1966, in order to allow defendant to obtain further psychiatric examination. On January 13 the United States Attorney and defendant, in person and by counsel, appeared again in court and the case was passed until January 25 to allow for further psychiatric examination of defendant by a psychiatrist of defendant's own selection, but at Government expense.

On February 3, 1966, a further hearing was held in open court at which defendant's psychiatrist, Dr. Peter L. DeRuiter, testified. The court concluded that defendant was not able or willing to cooperate with counsel and that defendant should be hospitalized at St. Elizabeths Hospital, Washington, D. C. An order was accordingly entered on February 4. On the same day defendant indicated his intent to appeal.

On February 15 the court permitted Mr. Grady to withdraw as counsel, leaving Mr. Crutchfield and Mr. Thrasher as court-appointed counsel. Mr. Thrasher represented defendant on his appeal to this court.

On appeal defendant contends:

(1) That the district court committed reversible error in refusing to discharge his court-appointed counsel and to appoint successive counsel until two attorneys had been appointed who were satisfactory to defendant;

(2) That the district judge abused his discretion in ordering another hearing and in making another determination upon the question of the defendant's mental competency, after having held him to be competent;

(3) That the confinement of defendant in mental institutions has violated his right to a speedy trial under the Sixth Amendment; and

(4) That the district court had no jurisdiction to commit him to a mental institution without a trial by jury.

### 1) The right to court-appointed counsel

In support of defendant's first contention, reliance is placed upon 18 U.S.C. § 3005, which provides: "[the court] shall immediately, upon his request, assign to him such counsel, not exceeding two, as he may desire * * *" Defendant contends that under this statute the court must appoint such counsel "as he may desire" and discharge and appoint new attorneys whenever requested.

It is noted that, in order for 18 U.S.C. § 3005 to be applicable, a capital offense must be charged. Since defendant is charged with violation of the Federal Kidnapping Act, 18 U.S.C. § 1201, we treat this as a case falling within the scope of § 3005.

Defendant contends that § 3005 confers upon him not only the right to two attorneys, but also the right to two attorneys of his own selection. Further, he asserts the right to discharge his court-appointed counsel at will, in which event he contends that the trial judge must appoint two substitute attorneys, and that this process of discharging old counsel and appointing new counsel must be continued at the option of defendant, "as he may desire." We find no decision placing such a construction upon the statute, and we refuse to adopt this construction.

■ It is the general rule that the right to court-appointed counsel does not carry with it the right to select a particular attorney. United States v. Burkeen, 355 F.2d 241, 245 (C.A. 6), and

cases therein cited. The choice of court-appointed counsel is for the court and not for the defendant. United States ex rel. Mitchell v. Thompson, 56 F.Supp. 683 (S.D.N.Y.).

The plan adopted by the Judicial Council for the Sixth Circuit under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, expressly provides that:

"The selection of counsel shall be the sole and exclusive responsibility of the court, and any defendant entitled to representation under the Act shall not be permitted to make the selection of an attorney to represent him from the panel or otherwise."

■ We construe the words "as he may desire" in § 3005 to do nothing more than to confer upon the defendant in a capital case the option of whether one attorney or two attorneys will be appointed to represent him. The defendant is not entitled to more than one counsel except upon his request. Crum v. Hunter, 151 F.2d 359 (C.A. 10), cert. denied, 328 U.S. 850, 66 S.Ct. 1117, 90 L.Ed. 1623.

■■ After two attorneys had been appointed for defendant in the present case, the district court was not required to set aside the prior appointment of counsel and appoint new counsel in the absence of a showing of good cause. United States v. Burkeen, supra, 355 F. 2d at 245 and cases therein cited. We have examined the record in the present case and find that defendant has not shown good cause for the discharge of his court-appointed attorneys.

### 2) The additional hearing on the issue of mental competency

The next contention is that the trial judge abused his discretion in ordering another hearing and in making another determination upon the question of defendant's mental competency, after having adjudged him to be competent.

■ In a proceeding under 18 U.S.C. § 4244, it is the obligation of the district judge to make a judicial determination of the mental competency of the accused. In considering the question of mental

competency, the courts have found no problem in the trial judge adequately satisfying himself that the defendant is competent to stand trial, even to the extent of holding more than one hearing, although the statute does not specifically provide for a second hearing. Feguer v. United States, 302 F.2d 214 (C.A. 8), cert. denied, 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110; Crabtree v. United States, 209 F.2d 164 (C.A. 5), cert. denied 347 U.S. 961, 74 S.Ct. 710, 98 L.Ed. 1104; United States v. Levy, 232 F.Supp. 661 (N.D.Fla.). See also Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412, where the court recognizes that more than one hearing may be held, in order that the trial judge can satisfy himself adequately as to the competency of the accused.

In Amador Beltram v. United States, 302 F.2d 48, 50 (C.A. 1), which is relied upon by defendant, the court held that the trial judge has no affirmative duty to conduct, sua sponte, a second inquiry as to the competency of an accused, "unless the court is on notice that something is amiss." The record in the present case establishes conduct on the part of defendant in open court that was sufficient to raise a question in the mind of the district judge that something might be "amiss." In this situation it was the obligation of the district court to hold another hearing. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815.

In Gunther v. United States, 94 U.S. App.D.C. 243, 215 F.2d 493, 496, the court said:

> "Clearly, the 'duty of the judge to be assured the man is *competent*' is not obviated by a previous finding that he is incompetent. * * * A judicial finding of mental *incompetency,* far from discharging the court's duty in response to such a motion, creates a greater necessity than previously existed for a judicial determination of competency."

We find no error in the action of the district court in conducting another hearing and in making another determination on the question of the mental competency of the defendant.

### 3) Right to speedy trial

The third contention is that confinement in the mental institutions under 18 U.S.C. § 4246 violated defendant's right to a speedy trial under the Sixth Amendment.

The constitutionality of 18 U.S.C. §§ 4244–48 was upheld in Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412.

In Johnson v. United States, 333 F.2d 371, 374 (C.A. 10), it was held that an "appellant can not complain of the denial of his constitutional right to a speedy trial because of his confinement in a * * * Federal mental institution, pursuant to 18 U.S.C. § 4244, for the very purpose of determining his competency to stand trial."

The Fifth Circuit likewise has held that an accused who has been found to be mentally incompetent and incapable of standing trial was not denied the right to a speedy trial bcause he was committed to the custody of the Attorney General to be confined at the Federal Medical Center at Springfield. Howard v. United States, 261 F.2d 729 (C.A. 5). In Barfield v. Settle, 209 F.Supp. 143 (W.D. Mo.), the court held that a defendant's continued detention under findings that he was probably dangerous and incompetent to stand trial did not entitle him to the dismissal of the charges against him on the grounds that he had been denied a speedy trial. See also Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808, cert. denied, 379 U.S. 905, 85 S.Ct. 198, 13 L.Ed.2d 178.

The record in the present case demonstrates that the district court was meticulously careful at all times to protect the rights of defendant. After a jury had been impaneled and the trial was ready to proceed, the actions and statements of defendant, together with the testimony of reputable psychiatrists, raised such serious doubts as to his mental competency that the district judge found it inadvisable to go further with

the trial at that time. We find no violation of the right to a speedy trial under the Sixth Amendment.

#### 4) Right to trial by jury in commitment proceedings

The final contention of defendant is that the district judge had no jurisdiction to commit him to a mental institution without a jury trial.

In Lyles v. United States, 103 U.S.App. D.C. 22, 254 F.2d 725, cert. denied, 356 U.S. 961, 78 S.Ct. 997, 2 L.Ed.2d 1067, 362 U.S. 943, 80 S.Ct. 809, 4 L.Ed.2d 771, 368 U.S. 992, 82 S.Ct. 610, 7 L.Ed.2d 529, the court sitting en banc held that the competency of a defendant at the time of trial to understand the charges against himself and to assist in his defense is a legal question for the trial judge, and not for the jury. The court said:

> "The standard of measurement of competency to stand trial is different from the standard of measure for responsibility for a criminal act.
>
> "The jury has no concern with the accused's competency to stand trial. That question is solely for the judge." 254 F.2d at 730.

In Higgins v. United States, 205 F.2d 650, 653 (C.A.9), interpreting 18 U.S.C. §§ 4244 and 4246, the court said:

> "The trouble with defendant's contention is that while the text of the order is in the form of a judgment of insanity, it is actually much less than that. It certainly does not, in fact, judicially declare that defendant has the general status of lunacy. The restraint is only to the extent and until defendant is mentally fit for trial or other disposition is made in the premises. Since the order does not affect the status of defendant as to sanity but is limited in effect as just indicated, it follows that the attack on the constitutionality of §§ 4244 and 4246 and the attack on the legality of the order on the ground that defendant was entitled to a jury trial as to his sanity, fails, entirely."

See also Castle v. United States, 347 F.2d 492 (C.A.D.C.), cert. denied, 381 U.S. 929, 85 S.Ct. 1568, 14 L.Ed.2d 687, 381 U.S. 953, 85 S.Ct. 1811, 14 L.Ed.2d 726, where the court stated that "We have stressed that the decision on competency is essentially a judicial one * * *" 347 F.2d at 495. Further " * * * under the provisions of 18 U.S.C. § 4244 et seq., the question of mental competency of the defendant then and there was one for the Court." United States v. Levy, 232 F.Supp. 661, 663 (N.D.Fla.).

 It thus is well settled that the question of competency of a defendant to stand trial under 18 U.S.C. §§ 4244–4246 is to be determined by the district judge alone and that a defendant is not entitled to a trial by jury to determine the issue.

We conclude that all the contentions of defendant on this appeal are without merit. The order of the district court is affirmed.

The case is remanded to the district court for trial of defendant if and when he is found mentally competent to stand trial.