Raymond E. Aldrich, Jr., J.
The defendant Alfred Curt von Wolfersdorf moves this court by affidavit of his attorney and exhibits attached thereto for an order dismissing Indictment No. 1950/1039 on the grounds that the defendant has.been denied a speedy trial, that prosecution has been irretrievably frustrated, that the State has insufficient evidence even to make out a prima *905 facie case against defendant, that the pendency of the indictment is depriving defendant of appropriate treatment and constitutes a cruel and unusual punishment, and in the interests of justice.
The District Attorney opposes the motion by affidavit, and the defendant replies by his attorney’s additional affidavit.
On the 5th day of February, 1951, the defendant, together with a codefendant Joseph Louis Paonessa, was indicted by the Dutchess County Grand Jury for three crimes of murder in the first degree, in violation of subdivision 1 of section 1044, of the former Penal Law of the State of New York, as set forth in the first three counts of said indictment, and he was also indicted for the crime of kidnapping, in violation of section 1250 of the former Penal Law of the State of New York, all the crimes allegedly occurring on the 16th day of October, 1950, at the Town of Milan, except for kidnapping, which allegedly occurred on the said date in the City of Poughkeepsie.
On May 25, 1951, after being examined as to his mental condition, and having been found then insane and incapable of understanding the charges or the proceedings against him or of making his defense, the defendant was committed to Matteawan State Hospital until he shall become sane, and he has remained in such hospital until recently when he was transferred in compliance with a United States District Court order to Binghamton, a civil hospital under the jurisdiction of the Department of Mental Hygiene.
This motion to dismiss the indictment is the second one to be made. A previous motion to dismiss on the grounds that defendant was denied a speedy trial was decided and denied on July 23, 1970.
The thrust of the defendant’s motion centers around his having filed a petition for a writ of habeas corpus in the United States District Court, urging his release from detention upon substantially the same grounds he now presents in support of this motion to dismiss the indictment, which writ was granted on August 31, 1970 (United States of America ex rel. Von Wolfersdorf v. Johnston, 317 F. Supp. 66). As a result of the granting of the writ, the defendant was transferred from Matteawan State Hospital which is under the jurisdiction of the Department of Correction, to the Binghamton Hospital, a civil hospital under the jurisdiction of the Department of Mental Hygiene.
It is noted that the People of the State of New York and in particular the District Attorney of Dutchess County was not a party to such Federal proceeding. Despite the lack of appearance by the District Attorney of Dutchess County, the defendant *906 seeks to bind the People of the State of New York and the District Attorney who is charged with the duty of prosecuting violations of the Penal Law with a decision in the Federal court, wherein another State agency which was a party was represented by the Attorney-General’s office. It is also noted that the relief sought therein was granted to the extent that the defendant has been transferred from an institution for the criminally insane to a civil hospital. To suggest that the defendant, because of his confinement to a civil institution while having a criminal indictment presently pending, would be deprived of ‘ ‘ appropriate treatment ’ ’ and such confinement ‘ ‘ constitutes a cruel and unusual punishment ’ ’ is untenable and not supported by the moving papers.
The additional contention of the attorney that the defendant is being treated differently from other patients whereas he ‘ ‘ would be entitled to grounds privileges and other amenities to treat him properly ’ ’ were he not under indictment, has no probative evidence in support thereof, is merely a hearsay statement by defendant’s attorney allegedly quoting a doctor on the staff of the Binghamton Hospital, and is insufficient to dismiss the indictment.
The defendant again claims that the lapse of time between the indictment and the present date is such that it demands a dismissal of the indictment. Admittedly, the reason for the delay in the trial is solely because of the defendant’s confinement in an institution and his unavailability for trial due to his mental incompetency to stand trial. The People have not in any way caused the delay, or contributed toward it, but to the contrary are prohibited from proceeding until he is mentally capable of standing trial, and in fact in the affidavit in opposition, the People aver that at ‘1 such time as the defendant is ready for trial, the People will then produce the evidence that is available to sustain its position”. The affidavit of a Deputy Assistant Attorney-General submitted in the Federal proceeding to the effect that it would ‘1 be highly unlikely that the petitioner could be brought to trial if he was found able to stand trial in the near future ’ ’ is unpersuasive in view of the reluctance of the District Attorney to consent to the dismissal, and the Assistant District Attorney’s above affirmation submitted in opposition to the motion.
The indictment of this defendant cannot be dismissed without the consent of the District Attorney (Code Crim. Pro., § 662-b ; Matter of Negro v. Dickens, 22 A D 2d 406), and the court assumes that the indictment is being continued to effectuate the purpose of a criminal prosecution believed to have merit.
*907 This court will not require the People to come forward, and reveal at this time, evidence even to make out a prima facie case.
An analysis of the moving papers reveals no grounds for holding that the defendant has been denied a speedy trial through act or fault of the People.
While the defendant has been confined in Matteawan State Hospital and now Binghamton for nearly 20 years, such period is not in excess of the possible life sentence he would receive were he convicted, and had he been found guilty as was his codefendant, he could have been executed. This defendant cannot be said to be deprived of a speedy trial by reason of his incompetency to stand trial (United States v. Davis, 365 F. 2d 251).
The application to the Federal District Court in the nature of habeas corpus sought only release of the defendant from Matteawan, and the Department of Correction, and that request he was granted. To suggest that such transfer to a civil hospital requires dismissal of the indictment is untenable. The moving papers are devoid of any medical evaluations of the defendant, and the unlikelihood of his having his competency restored to permit trial within a reasonable time.
For all the foregoing reasons, the motion is denied.