Raymond E. Aldrich, Jr., J.
The defendant Alfred Curt Von Wolfersdorf moves by notice of motion and affidavit of his attorney for an order dismissing Indictment No. 1950/1039 on the grounds that defendant has been denied a speedy trial, that prosecution has been irretrievably frustrated, that the State has insufficient evidence to make out a prima facie case against defendant, that the pendency of the indictment is depriving defendant of liberty and/or appropriate treatment and constitutes a cruel and unusual punishment, and in the interests of justice.
The District Attorney has submitted his affidavit consenting to the entry of an order for the relief sought, stating matters of evidence, policy, and prosecutorial discretion are involved, particularly alleging among other reasons, the age of the indictment and of the evidence, the expenditure of resources, both financial and physical, of his office by enaging in the prosecution, of a crime so old, and the fact of the confinement of the defendant since May, 1951 after his having been found insane and incapable of understanding the charges or the proceedings against him or of making his defense.
*897 This motion to dismiss the indictment is the third one brought by the defendant, the first having been decided adversely on July 23, 1970 by another Judge, and the second denied by this court on June 25, 1971 (People v. Von Wolfersdorf, 66 Misc 2d 904). The previous decision of this court officially recorded as aforesaid outlines the history of pertinent prior proceedings, and therefore, no elaboration in that respect is necessary, since the grounds then advanced are synonymous with those here presented. Both previous applications to dismiss were made under the prior Code of Criminal Procedure, which has been since superseded effective September 1, 1971 by the Criminal Procedure Law, and in the decision of this motion, the new statute promulgated by the Legislature some 90 years after the former code, will control.
The prior Code of Criminal Procedure provided under section 662-b (subd. 3) that “ any court having jurisdiction in any case * * * may * * * upon consent of the district attorney dismiss the indictments or proceedings against the defendant * * * upon a showing that the defendant is a resident or citizen of another state or country and that he may be removed thereto upon the dismissal of the indictments or proceedings, and in any case at any time after two years from the date of the defendant’s commitment to a mental institution upon such notice to and upon such consent of the district attorney and upon a showing that such defendant has remained continuously confined because of mental illness or mental defect.” (Italics added.)
The above recited dismissal provisions authorized the dismissal of an indictment only with the consent of the District Attorney (Matter of Negro v. Dickens, 22 A D 2d 406; People v. Von Wolfersdorf, 66 Misc 2d 904, supra), however, with the advent of the Criminal Procedure Law on September 1, 1971, our Legislature in its wisdom decided that the sole judgment for the dismissal of an indictment would ultimately rest with the court, and accordingly former section 662-b (subd. 3) was amended by CPL 730.60 to read as follows: “ 6. When a defendant is in the custody of the commissioner pursuant to an order of commitment or an order of retention, the superior court that issued such order may, upon motion of the defendant, and with the consent of the district attorney, dismiss the indictment when the court is satisfied that (a) the defendant is a resident or citizen of another state or country and that he will be removed thereto upon dismissal of the indictment, or (b) the defendant has been continuously confined in the custody of the commissioner for a period of more than two years. Before granting *898 a motion under this subdivision, the court must be further satisfied that dismissal of the indictment is consistent with the ends of justice and that custody of the defendant by the commissioner pursuant to an order of commitment or an order of retention is not necessary for the protection of the public and that care* and treatment can be effectively administered to the defendant without the necessity of such order. If the court enters an order of dismissal under this subdivision, it must set forth in the record the reasons for such action, and must direct that such order of dismissal be served upon the commissioner. ’ ’ (Italics added.)
The moving papers consist solely of the affidavit of the defendant’s attorney, devoid of any exhibit to support or substantiate his conclusions of matters beyond his personal knowledge, but he merely makes hearsay allegations concerning the purported opinion of the defendant’s supervising psychiatrist at the Binghamton Hospital, a civil hospital under the jurisdiction of the Department of Mental Hygiene, that the defendant had regained competence to stand trial, is treated differently from its other patients, and that “ in his professional opinion Mr. Von Wolfersdorf was not a dangerous person and would not be at all dangerous to himself or to others if he were discharged ’ ’, and adding that the doctor advised that “ he would retain Mr. Von Wolfersdorf as a civil patient until such time as suitable arrangements could be made for discharging him. And he told me that Mr. Von Wolfersdorf had agreed to remain in the hospital as a voluntary patient until such arrangements could be made.”
The motion is obviously brought under CPL 730.60 (subd. 6, par. [b]) since the defendant has been continuously confined for a period of more than two years, rather than on the ground set forth in subd. (a) that he is a resident or citizen of another State or country to which he will be removed if the indictment is dismissed since no allegations to support this latter ground are demonstrated in the papers.
In accordance with the statute before the motion to dismiss can be granted the court must be satisfied that dismissal of the indictment is consistent with the ends of justice and that custody of the defendant is not necessary for the protection of the public and that care and treatment can be effectively administered to him without the necessity of the order of commitment, and furthermore, if the court is so satisfied, then it must set forth in the record the reasons for such action.
From the papers submitted upon the motion and the opposing affidavit, this court is not satisfied that the dismissal of the indictment is consistent with the ends of justice, and neither is the court satisfied that custody of the defendant is not necessary for the *899 protection of the public. Since the defendant is confined in a civil hospital this court will assume that his care and treatment can be effectively administered without the necessity of an order of dismissal, and therefore, the matter of his care and treatment is not dispositive of this motion.
This court is of the opinion that since the defendant was initially committed, pursuant to statute, to an institution because he was then insane, that before his indictment should be dismissed he should be certified by the institution as sane, and if this should be done, he would then be remanded for trial, or the indictment dismissed under CPL 730.60 (subd. 6). (People v. Kautzler, 37 N. Y. S. 2d 377; People v. Hinsman, 182 Misc. 61.)
The change in the statute with the advent of the new Criminal Procedure Law vests in the court the ultimate judgment as to the wisdom in the public interest of dismissal of an indictment in any case, a power which the court did not have under the former Code of Criminal Procedure, and this power involving a heavy responsibility, carries the legislative admonition that the court must be satisfied in accordance with the statute (CPL 730.60, subd. 6.), among other things, that dismissal is consistent with the ends of justice and that custody is not necessary for the protection of the public. The dismissal of an indictment of this nature charging such a grave, atrocious and heinous crime involving the murder of a 14-year-old boy, deserves the most serious consideration of the court, and should only be granted upon a factual basis that the dismissal is consistent with the ends of justice and further custody of the defendant is not necessary for the protection of the public, particularly since the Legislature has now substituted for the consent of the District Attorney without factual reasons noted upon the record (Code Crim. Pro., § 662-b, subd. 3) the judgment of the court supported by “ the reasons for such action” (CPL 730.60, subd. 6).
The moving papers are defective in a number of instances since no factual situation is alleged on behalf of the defendant which would indicate that a dismissal is consistent with the ends of justice, and custody not necessary for the protection of the public, and that conclusory remarks of the defendant’s attorney do not supply the defects, and furthermore, from these papers this court cannot give factual reasons for dismissal as required by the statute.
The court notes that the District Attorney is not taking affirmative action by motion in seeking permission to have the indictment dismissed after the defendant has been declared sane and able to stand trial, which would in such case, if such permission were sought, require the expression of a factual situation upon *900 which the court could set forth its specific reasons entailing recitation of identifiable evidentiary deficiencies to support an unequivocal opinion that the People cannot successfully prosecute the indictment of this defendant, thus calling for dismissal. (CPL 730.60, subd. 6.)
For the foregoing reasons, the motion is denied.