UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert E. HARLAN, Defendant-Appellant.

No. 72–1802.

United States Court of Appeals,
Sixth Circuit.

Argued April 20, 1973.

Decided June 20, 1973.

H. Fred Hoefle, Cincinnati, Ohio (Court appointed), for defendant-appellant.

John Patrick Conley, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before CELEBREZZE, PECK and KENT,* Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from Appellant's conviction, after a plea of guilty, for armed bank robbery, for which Appellant was sentenced to 15 years imprisonment with discretionary parole pursuant to 18 U.S.C. § 4208(a)(2).

At his arraignment Appellant entered a plea of not guilty and thereafter the United States Attorney filed a motion requesting a mental examination of Appellant pursuant to 18 U.S.C. § 4244. The motion alleged, *inter alia,* that Appellant had a history of mental illness and had been confined to a mental institution in Michigan. This motion was granted by the District Court and a mental examination was ordered on January 11, 1972.

Appellant was examined by medical doctors specializing in psychiatry at the Federal Mental Institution at Springfield, Missouri. As a result of these examinations, two reports dated February 2, 1972, and February 28, 1972, were submitted to the District Court. In the first report psychiatric diagnosis was deferred, while the second report recommended a finding that Appellant was competent to stand trial.

On March 30, 1972, the District Court conducted a competency hearing, at which it was stipulated by counsel and Appellant that the examining doctors would testify pursuant to their reports, and Appellant personally concurred in the findings of the psychiatrists, as they appeared in the reports. The Court thereupon found Appellant competent to stand trial.

On April 20, 1972, Appellant entered a plea of guilty to a charge of armed bank robbery. After a presentence report was prepared by the probation authorities, Appellant appeared before the Court for sentencing on July 29, 1972. The Court engaged in a dialogue with Appellant and acknowledged that he had "some mental problem." Nonetheless, relying on the fact that neither of the psychiatric reports indicated that Appellant was suffering from a psychosis, the Court sentenced Appellant to 15 years imprisonment under 18 U.S.C. § 4208(a)(2), making eligibility for parole discretionary with the parole authorities.

On appeal, Appellant asserts that the District Court erred in failing to further inquire into his competency at the time his guilty plea was received and at the time he was sentenced. In support of this claim, Appellant relies on this Court's decision in United States v. Davis, 365 F.2d 251 (6th Cir. 1966), holding that the District Court in that case did not err in conducting, *sua sponte,* an additional hearing on the competency of the accused where his conduct before the court indicated that something might be "amiss."

It is true that in its opinion in United States v. Davis, *supra,* this Court stated that under the facts of that case the District Court had an obligation to hold another hearing, 365 F.2d at 255. That opinion, however, also recognized the rule of Beltran v. United States, 302 F. 2d 48, 50 (1st Cir. 1962), that a trial judge has no affirmative duty to conduct, *sua sponte,* a second inquiry into an accused's competency "unless the court is on notice that something is amiss." *See Id.*

Appellant contends that the District Judge had sufficient notice at the plea hearing and/or at the sentencing hearing to alert him to the asserted fact that something was "amiss," or, more accurately, that Appellant's level of competency may have changed since the competency hearing. Specifically, Appellant

---

* This case was argued to a panel consisting of Judges Celebrezze, Peck and Kent.

Judge Kent died before a decision was reached and an opinion prepared.

argues that the District Judge should have been put on notice by the following: (1) the psychiatric reports which acknowledged Appellant's past history of mental illness and violence with firearms and his paranoid-schizophrenic personality, with aggressive and dangerous tendencies, notwithstanding the fact that neither report recommended a finding of incompetency; (2) Appellant's rejection, prior to his guilty plea to the charge of armed robbery, of an opportunity to plead guilty to the lesser, included offense of unarmed robbery; (3) the request of Appellant's trial counsel, after Appellant had entered his guilty plea, that Appellant be committed for psychiatric treatment rather than sentenced as a normal offender; (4) the statements by Appellant at the sentencing hearing that he then felt that he had a mission to save the world and a right to destroy people in authority and that he had undergone two "seizures" since his psychiatric examinations; and (5) the District Judge's acknowledgment at the sentencing hearing that Appellant had "some mental problem" and the Judge's dismay that he did not know how to help Appellant since the psychiatric reports indicated no psychosis.

■ Significantly, most of the above factors merely relate to Appellant's past and apparently persisting personality disorders, of which the District Court was made fully aware at the competency hearing through the psychiatric reports. Although these reports certainly did not give Appellant a clean bill of mental health, the one nonetheless recommended a finding of competency and the other deferred psychiatric diagnosis, and no contradictory evidence was presented to the Court at the competency hearing. With this competent and uncontradicted evidence supporting the District Court's finding of competency, we find no basis for upsetting that determination. *See* Wolcott v. United States, 407 F.2d 1149 (10th Cir.), cert. denied, 396 U.S. 879, 90 S.Ct. 156, 24 L.Ed.2d 137 (1969).

Beyond the factors of which the District Court was thus fully aware at the competency hearing, it appears that only two episodes—the rejection by Appellant of an opportunity to plead guilty to the lesser offense of unarmed robbery and his statement at the sentencing hearing that he had experienced two "seizures" since he underwent. psychiatric examination—might be said to have given the Court notice of a possible change in Appellant's condition subsequent to the competency hearing. We are unable to say that these episodes gave rise to an affirmative duty on the part of the Court to conduct, *sua sponte*, an additional inquiry into Appellant's competency and that the Court's failure to do so constituted prejudicial error, requiring that Appellant's guilty plea be set aside.

We therefore hold that the District Court did not commit prejudicial error in failing to conduct an additional inquiry into Appellant's competency. Our decision of course, might well be different had the Court failed to conduct any hearing whatsoever under the facts before it. *See* Pate v. Robinson, 383 U. S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

■ ■ We find no merit in Appellant's further claim that he was denied effective assistance of counsel due to the failure of Appellant's trial counsel to move for additional psychiatric examinations. *See* Hayes v. Russell, 405 F. 2d 859, 860 (6th Cir. 1969). Nor do we accept Appellant's argument that the test for competency to plead guilty should be more stringent than the test for competency to stand trial. *See* United States v. Valentino, 283 F.2d 634 (2d Cir. 1960).

The judgment of the District Court is therefore affirmed.