167 N.J. Super. 229 (1979)
400 A.2d 810
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES NORTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 5, 1979.
Decided March 2, 1979.
*230 Before Judges FRITZ and MORGAN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Paul M. Klein, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. Mark P. Cronin, Deputy Attorney General, of counsel and on the brief).
*231 PER CURIAM.
Pursuant to plea bargain, defendant pleaded guilty to two counts of atrocious assault and battery (N.J.S.A. 2A:90-1) in exchange for which the State agreed to recommend dismissal of a charge of assault with an offensive weapon (N.J.S.A. 2A:90-3). The State took no position as to sentence. Thereafter, defendant was sentenced to two concurrent terms of five to seven years for the two offenses and the trial judge recommended that psychiatric help be afforded defendant as quickly as possible.
Defendant appeals, contending that (1) plain error occurred when the trial judge, failed, sua sponte, to order a competency hearing of the defendant before accepting his plea and (2) the sentences imposed were excessive.
There is no question but that defendant suffers from a mental illness. His condition in this regard received express recognition from the judge. The plea, however, was accepted only after a searching inquiry of defendant from which the judge was satisfied that defendant understood what he was doing and that the plea was voluntary. At no time during the plea or thereafter during sentencing did defendant, who was represented by counsel, ever request that a competency hearing be held. Indeed, at sentencing, defense counsel produced for the judge a report by a psychiatrist retained by him which opined that defendant was able to speak in his own defense and "would be considered legally competent."
A defendant whose mental condition is such that he is unable to comprehend his position, to consult intelligently with counsel and plan his defense, cannot be put to trial. State v. Lucas, 30 N.J. 37, 72 (1959). Such a disability similarly precludes the acceptance of a guilty plea. See Malinauskas v. United States, 505 F.2d 649, 654 (5 Cir.1974); United States v. Harlan, 480 F.2d 515, 517 (6 Cir.1973). N.J.S.A. 2A:163-2 authorizes a trial judge on the application of counsel to hold a hearing in advance of trial to determine the competency of the accused. A judge may, however, on his own motion order that such a hearing be *232 held, and should order one whenever doubt is cast on the competency of defendant to stand trial or plead guilty. State v. Lucas, supra 30 N.J. at 73.
In this matter the trial judge was not unaware of defendant's psychiatric problems. Nonetheless, his conclusion that defendant was capable of understanding and voluntarily pleading guilty is fully supportable on the record before us. Defendant evinced a good memory for the circumstances in which the offenses occurred despite the fact that the plea was entered over two years after they occurred. He clearly knew he was pleading guilty to those offenses and understood what the possible penalties were. He knew his attorney and expressed satisfaction as to the quality of his representation. No issue concerning his competency to enter the plea was ever raised. In fact, the report of the psychiatrist retained by the defense pronounced him competent to stand trial despite his obvious psychiatric problems.
Our scope of review defined in State v. Lucas, supra, is a narrow one.
But while the court has the power to order an inquiry in the defendant's mental qualifications to stand trial, failure to exercise the powers will not be reviewed on appeal, unless it clearly and convincingly appears that the defendant was incapable of standing trial. [at 73-74]
The same test applies with respect to a defendant's capability to plead guilty.
As already noted, apart from some suggestion from defendant's behavior, recognized by the trial judge, there was no evidence that defendant did not have the mental capacity to plead guilty with understanding. Defense counsel, who would ordinarily be in the best position to evaluate the salient facts concerning a defendant's ability to stand trial and assist in his defense, made no suggestion to the trial judge that a competency hearing precede acceptance of his plea. In these circumstances we conclude that defendant has *233 not clearly and convincingly shown that he lacked competence to tender a plea of guilty. Plain error has not been shown.
In his second contention, defendant challenges the quantum of the sentences imposed as excessive. According to the reasons given by the trial judge for the sentences, neither punishment nor deterrence were factors. Paramount in the judge's mind was defendant's obvious need for psychiatric assistance and the need to protect society from his psychogenic propensity toward violence. Strong recommendation for immediate psychiatric assistance accompanied the sentence. In light of the defendant's considerable prior record which, with the offenses under consideration, evidenced escalating violent tendencies, we cannot conclude that the sentencing judge's concerns were not warranted. Nor do we conclude that the sentences imposed were unduly severe.
Affirmed.