**Bill Hugo WILLIAMS,
Petitioner-Appellant,**

v.

**Donald E. BORDENKIRCHER, Supt.,
Kentucky State Penitentiary,
Respondent-Appellee.**

No. 82–3399.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 11, 1982.

Decided Jan. 3, 1983.

Rehearing and Rehearing En Banc
Denied Feb. 28, 1983.

Certiorari Denied May 2, 1983.
See 103 S.Ct. 1898.

R. Michael Murphy, Federal Public Defender, Lexington, Ky., for petitioner-appellant.

Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee.

Before ENGEL and KEITH, Circuit Judges, and PECK, Senior Circuit Judge.

KEITH, Circuit Judge.

Appellant appeals from a judgment dismissing his petition for a writ of habeas corpus. The district court held that the state trial court did not err when it did not sua sponte hold an evidentiary hearing on Appellant's competency to plead guilty to criminal charges.

Appellant was charged in the Laurel Circuit Court with two counts of malicious shooting and wounding with intent to kill.

The charges stemmed from the shooting and wounding of two policemen in London, Kentucky. At the request of his mother and upon the recommendation of two psychiatrists, Appellant was committed to the Central State Hospital for a period of sixty days. On January 11, 1973, the forensic psychiatrist at Central reported "the Petitioner to be competent to stand trial and aid in his defense."

On January 22, 1973, the trial judge found Appellant competent to stand trial. The next day, January 23, Appellant appeared with his attorney and entered a plea of guilty to the two charges. He was questioned by the trial court on his understanding of the consequences of his actions in open court.

After the questioning of Appellant and his attorney, Appellant was allowed to make a statement. The court heard the statement before accepting the guilty plea. Appellant explained that he had a history of mental illness, and was presently in need of medication. He further stated that he had several physical ailments, and was in financial difficulty. He declared, "I hurt all over. I hurt mentally. I hurt physically."

No other evidence was presented which suggested that there might be a need for further consideration of Appellant's competency to enter a guilty plea. Mr. Handy, the court-appointed attorney, answered that he had apprised Appellant of his rights and the consequences of pleading guilty. He did not alert the court to any potential incompetency problems.

Appellant's demeanor at the arraignment proceeding was not unusual in any way. His answers to the court's questions were responsive, and his statement was coherent and lucid. Moreover, Appellant responded that he was aware of what he was doing, and had understood the advice given to him by his attorney. He stated that he was not under the influence of any drugs which would affect his ability to make rational and intelligent decisions.

On January 4, 1974, the trial court denied a motion by Appellant to vacate its judg-

ment of guilty based on the earlier plea. The court's order denying the motion was upheld by the Kentucky Court of Appeals (now Kentucky Supreme Court.) Appellant's subsequent petition for a writ of habeas corpus was referred to a United States magistrate. The magistrate, after holding an evidentiary hearing, recommended that the writ be denied. The district court agreed, denied the writ, and dismissed the action.

Appellant maintains that his remarks at the arraignment proceeding should have put the trial court on notice that he might not have been competent to enter a guilty plea. It is argued that the trial court was constitutionally required to hold an evidentiary hearing on Appellant's mental capacity. Thus each of the examining doctors could be subjected to cross-examination. We disagree.

■ The constitutional test is whether the accused "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). This is the same standard applied to questions of whether the defendant has the requisite mental capacity to stand trial. *United States v. Harlan,* 480 F.2d 515, 517 (6th Cir.), *cert. denied,* 414 U.S. 1006, 94 S.Ct. 364, 38 L.Ed.2d 242 (1973); *Allard v. Helgemoe,* 572 F.2d 1, 3 (1st Cir.), *cert. denied,* 439 U.S. 858, 99 S.Ct. 175, 58 L.Ed.2d 166 (1978).

Appellant relies on the Supreme Court's decisions in *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) and *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). In *Pate,* the Supreme Court held that where there is substantial doubt as to a defendant's capac-

ity to stand trial, the trial court must sua sponte order an evidentiary hearing on the competency issue. The Court based its analysis on the constitutional right to a fair trial. *Pate,* 383 U.S. at 385, 86 S.Ct. at 842. But the Court did not prescribe a general standard for determining whether the trial court should resort to evidentiary proceedings.[1]

Similarly in *Drope,* the Supreme Court reversed a defendant's conviction because the trial court refused to order a pretrial psychiatric examination and would not allow defense counsel to present evidence on the defendant's sanity. There was extensive evidence of mental illness, and the defendant tried to commit suicide during the trial. In reversing the conviction, the Court stated:

> The import of our decision in *Pate v. Robinson* is that evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but that even one of these factors standing alone may, in some circumstances, be sufficient. There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated. That they are difficult to evaluate is suggested by the varying opinions trained psychiatrists can entertain on the same facts.

*Id.* 420 U.S. at 180, 95 S.Ct. at 908.

This case is unlike *Pate* and *Drope.* In *Pate* and *Drope* there was extensive evidence of mental illness and bizzare behavior at the time of trial. In both cases, the trial court judges ignored evidence of mental incompetency even when it was thrust into the forefront of the criminal defense. Ap-

---

1. The constitutional obligation to hold an evidentiary hearing depends heavily on the factual circumstances of each case. Neither the defendant's medical history, nor the opinion of psychiatric experts, nor the defendant's behavior at trial should be viewed in isolation. These are merely relevant factors to be considered in determining whether an evidentiary hearing is necessary. The presence or absence of evidence relating to one of these factors is not conclusive on the ultimate question of whether an evidentiary hearing is needed to insure that the defendant is capable of aiding in the preparation of his or her defense.

pellant's remarks in this case, when taken in the context of the colloquy with the trial court and the previous psychiatric examinations, appear to be a statement of extenuating circumstances, not evidence of mental illness.

In *Pate v. Smith,* 637 F.2d 1068 (6th Cir.1981), our Court granted habeas corpus relief because the trial court did not conduct an evidentiary hearing, although he obviously entertained doubts about the defendant's competency to stand trial. There was conflicting medical evidence, and the defendant created such a disturbance during the trial that he had to be removed from the courtroom. *See also Osborne v. Thompson,* 610 F.2d 461 (6th Cir.1979) (per curiam).

However, our Court refused to grant a writ of habeas corpus in *Owens v. Sowders,* 661 F.2d 584 (6th Cir.1981). The *Owens* court noted that there was no evidence that the defendant was incompetent to aid in his defense. The trial court ordered a psychiatric examination and the examination produced a report indicating that the defendant was "competent to stand trial and aid in his own defense." *Id.* at 585. Nor did the defense counsel indicate that he had doubts about the defendant's competency after the examination had taken place. Thus, there was not sufficient evidence to require the trial court to conduct an evidentiary hearing sua sponte.

This case also differs from *United States v. Davis,* 365 F.2d 251 (6th Cir.1966). In that case, it was clear from the defendant's behavior that he was not competent to stand trial. It appears to be analogous to *United States v. Harlan,* 480 F.2d 515 (6th Cir.1973). In *Harlan,* the appellant testified about seizures he had experienced. The court had already ordered psychiatric examinations and held a competency hearing. This Court found no error in the district court's decision not to hold an evidentiary hearing.

We have also considered the opinions in *Moore v. United States,* 464 F.2d 663 (9th Cir.1972) and *United States v. Kincaid,* 362 F.2d 939 (4th Cir.1966). We find those cases to be distinguishable on their facts. More importantly, the trial courts in those cases did not act diligently to ascertain whether the defendants were competent to help prepare their defenses.

The trial court in this case did not act with "callous indifference" to the issue of Appellant's mental competency. Rather, he stayed the criminal proceedings until he was satisfied that Appellant could participate in the defense. Moreover, at the arraignment hearing, the court questioned both Appellant and his attorney before accepting the guilty plea.

 Our standard of review in such cases is: "Whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Pate v. Smith,* 637 F.2d at 1072; *DeKaplany v. Enomoto,* 540 F.2d 975, 983 (9th Cir.1976) *cert. denied,* 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977). In this case, we agree with the district court's finding: "After reading the entire transcript of the arraignment proceedings, it is apparent that the petitioner's statement would not necessarily have been sufficient to raise a substantial doubt of competency in the Court's mind at that time."

We, therefore, find that the trial court adequately protected Appellant's constitutional rights. Accordingly, we affirm the judgment of Judge Eugene E. Siler of the United States District Court for the Eastern District of Kentucky.