770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL SELF, PETITIONER-APPELLANT,
v.
WILLIAM SEABOLD; JOHN REES, WARDEN KRS; AND HONORABLE DAVID
ARMSTRONG, ATTORNEY GENERAL, RESPONDENTS-APPELLEES.
 NO. 84-6092
 United States Court of Appeals, Sixth Circuit.
 7/29/85
 
 W.D.Ky.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 Before: KEITH and MERRITT, Circuit Judges; and PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this case, defendant appeals the District Court's denial of his petition for a writ of habeas corpus on the grounds that he was denied due process by the trial judge's failure to conduct a hearing sua sponte on defendant's competency to stand trial. We affirm the District Court's judgment.
 
 
 2
 In 1980, Michael Self, defendant, was indicted by a grand jury for robbery, attempting to elude police and being a persistent felony offender. A psychiatric report introduced at trial states that 'it would be difficult . . . for . . . defendant to assist his defense because of his extremely poor memory.' (JA. at 23.) The report further states that defendant 'is aware of the allegations made against him and the consequences of such.' Id. As a result of this report, the trial judge ordered that defendant be given a complete psychiatric evaluation by state psychiatrist, Dr. James G. Bland. Dr. Bland's report states that defendant's 'memory for past events is somewhat vague and he has a problem with specific dates but in general it seems adequate for purposes of recall to cooperate with his attorney except in the area for which he professes no memory . . . the day of the alleged crime.' (JA. at 24.) No further inquiry into defendant's competency to stand trial was pursued at this time.
 
 
 3
 A jury found defendant guilty of robbery in the first degree and eluding the police. Subsequently, defendant entered a plea to the charge of persistent felony of offender in the first degree and was sentenced to 20 years. When the trial judge entered his judgment he stated, at defense counsel's request, that he 'strongly recommends that this defendant be confined in an institution where he will be able to receive the proper medical attention for his obvious mental deficits.' (JA. at 19.)
 
 
 4
 Defendant made an unsuccessful pro se motion to vacate the judgment. Defendant then unsuccessfully filed a second motion to vacate the judgment, requesting a competency hearing. Finally, defendant unsuccessfully filed a petition for a writ of habeas corpus which the District Court denied.
 
 
 5
 The question before this Court is whether a reasonable judge, situated as was the judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt concerning defendant's competency to stand trial. Williams v. Bordenkircher, 696 F.2d 464, 467 (6th Cir. 1983). We affirm the denial of defendant's petition on the basis of the District Court's opinion. (JA. at 9-13.)
 
 
 6
 The trial judge's failure to conduct a competency hearing sua sponte was not unreasonable. Both physicians found that defendant was able to understand the nature of the proceedings against him. After a comprehensive psychiatric examination, Dr. Bland described defendant as competent to stand trial. At the sentencing hearing, defendant appeared to know and understand what was happening to him. Finally, the record does not contain any information compelling a reasonable judge to doubt defendant's competency.
 
 
 7
 Accordingly, the District Court's judgment is affirmed.