843 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 No. 87-5954.
 Charles Delbert ROSENBARGER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 
 1
 United States Court of Appeals, Sixth Circuit.
 
 
 2
 April 11, 1988.
 
 
 3
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GEORGE E. WOODS, District Judge.*
 
 ORDER
 
 4
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Petitioner brought a motion to vacate his sentence under 28 U.S.C. Sec. 2255. He claimed that his guilty plea was not knowingly and intelligently entered and that the court should have inquired as to whether he was under the influence of drugs and alcohol at the time he pled guilty. He also claimed that the court did not comply with the requirements of Fed.R.Crim.P. 11 during acceptance of the plea and sentencing.
 
 
 6
 Upon review, we conclude petitioner entered a valid guilty plea. See Boykin v. Alabama, 395 U.S. 238 (1969); Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir.), cert. denied, 467 U.S. 1245 (1984). No precise litany of rights waived is required to ensure a valid plea. Campbell v. Marshall, 769 F.2d 314, 324 (6th Cir.1985), cert. denied, 475 U.S. 1048 (1986). Nonetheless, in this case petitioner did waive many rights and the record reflects that petitioner fully understood the direct consequences of his plea and that his plea represented a voluntary and intelligent choice among the alternatives. See North Carolina v. Alford, 400 U.S. 25, 31 (1970). Review of the sentencing hearing transcript reflects that petitioner's answers to the court's questions were responsive, and that his behavior was not unusual. A reasonable judge would not have doubted petitioner's competence; thus the court did not err when it declined to conduct an evidentiary hearing to determine whether petitioner was competent to plead guilty. See Williams v. Bordenkircher, 696 F.2d 464, 467 (6th Cir.), cert. denied, 461 U.S. 916 (1983); Pate v. Smith, 637 F.2d 1068, 1072 (6th Cir.1981).
 
 
 7
 Clearly, under all these circumstances, petitioner's plea was valid as the record reflects that the proceedings were consistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780 (1979).
 
 
 8
 For these reasons, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation