920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin PULLIAM, also known as Melvin Parker, Petitioner-Appellant,
v.
John W. DUNCAN, Warden, Respondent-Appellee.
 No. 90-5574.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Melvin Pulliam a/k/a Melvin Parker appeals from the judgment of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury found Pulliam guilty of first-degree assault, fourth-degree assault, and first-degree wanton endangerment upon the evidence that he walked into a crowded barroom with a loaded shotgun and opened fire. Before trial, Pulliam elected to dismiss his appointed counsel and to proceed pro se.
 
 
 3
 In his petition for habeas relief, he contends that he should not have been allowed to represent himself at trial with the assistance of standby counsel; that the trial court should have ordered a competency evaluation for him; that he was subjected to double jeopardy by being convicted of first-degree assault and first-degree wanton endangerment; and that he should have received a jury instruction on self-defense. The district court found no constitutional violation. Upon review, we find no error. The record clearly establishes that Pulliam was offered counsel but intelligently and understandingly rejected the offer. See Faretta v. California, 422 U.S. 806, 819 (1975). Similarly, the record provides no evidence whatever that Pulliam's competency to waive counsel was in question. See Williams v. Bordenkircher, 696 F.2d 464 (6th Cir.), cert. denied, 461 U.S. 916 (1983).
 
 
 4
 Pulliam's remaining arguments are likewise meritless. Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the district court's memorandum opinion entered on March 30, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.