19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roderick Jerome BYRD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2164.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Roderick Jerome Byrd, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Byrd pleaded guilty on September 8, 1988, to conspiracy to possess with intent to distribute cocaine base. He was sentenced to 240 months in prison and 3 years of supervised release. Byrd did not file a direct appeal.
 
 
 3
 In his motion to vacate, Byrd raised four grounds for relief: (1) counsel rendered ineffective assistance, (2) the district court erred when it did not order a competency hearing, (3) his base offense level was incorrect, and (4) the district court violated Fed.R.Crim.P. 11 by not informing him of the possibility of a term of supervised release. In a report issued on March 12, 1993, a magistrate judge recommended that the motion to vacate be denied. Byrd filed timely objections, but the district court adopted the magistrate judge's report and recommendation and denied Byrd's Sec. 2255 motion in an order and judgment filed on July 30, 1993. On appeal, Byrd continues to argue the merits of his claims and requests oral argument.
 
 
 4
 Upon consideration, we affirm the district court's judgment because Byrd has not shown a fundamental defect in his proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 For the reasons stated by the magistrate judge, Byrd has not established that his counsel's performance was deficient and that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984). Byrd did not present specific facts to support his bald allegations that counsel failed to investigate or to object to unspecified incorrect information in his presentence investigation report. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing on the issue. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.1992), cert. denied, 113 S.Ct. 1289 (1993).
 
 
 6
 Byrd has also not shown that counsel was ineffective in the remaining two ways--failure to request a competency hearing and failure to object to a Rule 11 violation--because he was neither entitled to a competency hearing nor prejudiced when the district court did not specifically inform him of supervised release during his September 8th plea proceeding. Those issues are discussed further below.
 
 
 7
 Byrd cannot prevail on his second ground for relief because he has not met his burden of proof that he was not mentally competent to stand trial or, in his case, to plead guilty. See Conner v. Wingo, 429 F.2d 630, 639 (6th Cir.1970), cert. denied, 406 U.S. 921 (1972). The Supreme Court has determined that an accused is competent to enter a guilty plea if (1) he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and (2) he has a rational as well as a factual understanding of the proceedings against him. Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam); Williams v. Bordenkircher, 696 F.2d 464, 466 (6th Cir.), cert. denied, 461 U.S. 916 (1983). It is apparent from the record that Byrd did have the ability to consult with counsel and possessed a rational understanding of the proceedings.
 
 
 8
 Byrd's objection to the calculation of his base offense level is not an issue of constitutional dimension and so is not cognizable in a motion to vacate under Sec. 2255. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976) (non-constitutional claims that could have been raised on direct appeal cannot be raised in a Sec. 2255 motion, as such motion will not do service for a direct appeal), citing Sunal v. Large, 332 U.S. 174, 178 (1947). Further, Byrd has shown neither cause nor prejudice for his failure to raise his sentencing issue in a direct appeal. See United States v. Frady, 456 U.S. 152, 166 (1982). For these reasons, neither the district court nor this court may consider this issue on the merits.
 
 
 9
 Finally, Byrd is not entitled to relief on the ground that the district court did not specifically inform him of the possibility of a term of supervised release during the September 8th plea proceeding. This court has recognized that in some circumstances a court's failure to notify the defendant that a sentence will include a term of supervised release may be harmless error. United States v. Syal, 963 F.2d 900, 905-06 (6th Cir.1992). Byrd signed a plea agreement on September 6th in which he was clearly notified that he was subject to a term of supervised release. Moreover, nowhere does Byrd state that he did not know that supervised release would be imposed; he only complains about the technical violation. That violation was, therefore, harmless error.
 
 
 10
 In his brief on appeal, Byrd also alleges that the district court did not inform him of the nature of the charge against him. This claim was not presented to the district court in the first instance and is, therefore, not addressed on appeal. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). In any event, Byrd acknowledged under oath on September 8th that the district court had explained the conspiracy charge to him during confidential proceedings in chambers on September 6th.
 
 
 11
 Accordingly, we deny the request for oral argument. The district court's judgment, entered on August 3, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.