**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Maurice MYLES, aka Maurice Blocker, Defendant–Appellant.**

**No. 02–5010.**

United States Court of Appeals, Sixth Circuit.

July 17, 2003.

Before: DAUGHTREY, MOORE, and SUTTON, Circuit Judges.

### ORDER

Maurice Myles appeals his conviction and sentence entered upon his plea of guilty to possessing with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Before he pleaded guilty, Myles moved for a competency evaluation. The district court granted Myles's motion, and a forensic mental evaluation of Myles was conducted from November 21, 2000, through February 16, 2001. The forensic psychologist who evaluated Myles testified at a competency hearing that Myles was competent to stand trial. Myles offered no evidence to dispute the psychologist's conclusion. The magistrate judge recommended that Myles be found competent to stand trial. The district court adopted the magistrate judge's report and recommendation over Myles's objections.

Myles subsequently pleaded guilty, and the district court sentenced him to 188 months of imprisonment and 10 years of supervised release.

In his timely appeal, Myles contends that the district court erred by not sua sponte ordering a further psychiatric or psychological evaluation before entry of the guilty plea and sentencing.

Inasmuch as Myles did not raise at sentencing any issue or objection regarding his competency or the district court's duty to sua sponte order further evaluations, this court's review is for plain error. *See United States v. Koeberlein*, 161 F.3d 946, 948 (6th Cir.1998). "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b). To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 465–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Thomas*, 11 F.3d 620, 629–30 (6th Cir.1993) (discussing plain error doctrine set forth in *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

The district court did not plainly err by not sua sponte ordering a further competency evaluation of Myles. A district court has no affirmative duty to conduct, sua sponte, additional hearings as to a defendant's competency "unless the court is on notice that something is amiss." *United States v. Harlan*, 480 F.2d 515, 516 (6th Cir.1973). The record belies any suggestion that the district court was on notice, or should have been on notice, that something was amiss. The court had heard testimony that while Myles had an adjustment disorder with mixed anxiety and depressed mood, he did not have a mental disorder which would render him incompe-

tent to stand trial or plead guilty. Myles asked the court for an additional evaluation, but affirmatively withdrew his request. Defense counsel even disclosed to the court that an independently retained forensic psychologist found nothing to suggest that Myles was incompetent. Thus, the district court did not plainly err by not sua sponte ordering an additional competency evaluation in light of the undisputed conclusions reached in the completed evaluation and the conclusions reached in Myles's independent evaluation.

The record in this case contains no event or testimony that required the district court to order an additional evaluation of Myles's competency. Accordingly, the district court's judgment is hereby affirmed.