**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0506-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LASHAN MATHIS, a/k/a
LASHAWN MATHIS,

_____

Submitted March 23, 2020 – Decided June 11, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment Nos. 13-08-0792 and 14-06-0514.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth H. Smith, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lashan Mathis appeals from the denial of his post-conviction relief (PCR) arguing:

> [POINT I]
>
> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING AS DEFENDANT HAS MADE A SUFFICIENT PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL TO WARRANT AN EVIDENTIARY HEARING BASED ON COUNSEL'S FAILURE TO VIGOROUSLY ADVOCATE ON HIS BEHALF.

We disagree and affirm.

Following the return of separate indictments charging defendant with four counts of second-degree robbery, N.J.S.A. 2C:15-1(a)(2) and N.J.S.A. 2C:2-6, (counts one, two, five, and eight);[1] three counts of third-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(d) (counts three, six, and nine); and three counts of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (counts four, seven, and ten) in the first indictment, and first-degree armed robbery, N.J.S.A. 2C:15-1(a) (count one); second-degree possession of a

---

[1] Count one of the first indictment charged defendant with a second-degree robbery that he committed without the aid of his co-defendant. Counts two, five and eight each charged defendant with second-degree robbery under an accomplice liability theory pursuant to N.J.S.A. 2C:15-1(a)(2) and N.J.S.A. 2C:2-6.

A-0506-18T3

weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count two); third-degree possession of a weapon without a permit, N.J.S.A. 2C:39-5(b) (count three); third-degree theft, receiving stolen property, N.J.S.A. 2C:20-7(a) and N.J.S.A. 2C:20-2(a) (count four); third-degree theft, receiving stolen property, N.J.S.A. 2C:20-7.1(b) (count five); and third-degree certain persons not to be in possession of a weapon, N.J.S.A. 2C:39-7(b) (count six) in the second indictment, defendant pleaded guilty before Judge Marilyn C. Clark to counts one, two, five and eight of the first indictment, charging him with second-degree robbery, and count one of the second indictment, charging him with first-degree armed robbery. Under the plea agreement, the State recommended that defendant be sentenced to a seventeen-year prison term with eighty-five percent parole ineligibility pursuant to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, on count one of the second indictment and concurrent ten-year sentences on each of the four counts under the first indictment also subject to the NERA.

Defendant now argues his trial counsel "never objected to the efforts of the judge and the prosecutor to elicit [the] factual basis" for his plea to the various robbery counts. He continues in his merits brief:

> In failing to lodge objections to the questions of the court and the prosecutor[,] trial counsel essentially

failed to advocate on defendant's behalf, and pressured [defendant] to plead guilty and to acknowledge the 'armed' element of the most serious offense. Trial counsel's failure to protect . . . defendant effectively deprived [him] of his constitutional right to effective legal representation. The record is absent of any explanation as to why counsel might have done this, thus[] requiring a plenary hearing to inquire into those facts and circumstances.

Because the PCR court did not hold an evidentiary hearing, we review both the factual inferences drawn by the PCR judge from the record and the court's legal conclusions de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687); then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58. Under those standards, defendant failed to establish a prima facie case of trial counsel's ineffectiveness.

We first note trial counsel's questioning established much of the factual basis from defendant. Although the judge and, at times, the prosecutor interposed questions, there was nothing objectionable about that procedure. It is incumbent upon the judge to question

> the defendant personally . . . and [determine] by inquiry of the defendant . . . that there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge[s] and the consequences of the plea.
>
> [R. 3:9-2.]

"The trial court's [factual-basis] inquiry need not follow a 'prescribed or artificial ritual.'" State v. Campfield, 213 N.J. 218, 231 (2013) (quoting State ex rel. T.M., 166 N.J. 319, 327 (2001)). "[D]ifferent criminal charges and different defendants require courts to act flexibly to achieve constitutional ends." Ibid. (alteration in original) (quoting T.M., 166 N.J. at 327). Inasmuch as the judge must ensure that defendant's plea was voluntarily made and not the product of promises, threats or coercion, State v. O'Donnell, 435 N.J. Super. 351, 369 (App. Div. 2014), it was within the judge's discretion to allow defendant's own counsel to attempt to elicit the factual basis in order to achieve that end. And the further questioning by the judge and the prosecutor were

A-0506-18T3

required to establish the requisite elements of each offense, particularly the first-degree robbery charge because defendant was not armed. The judge had to ascertain if defendant participated in the robbery with knowledge that his codefendant used a handgun in order to perpetrate the robbery, thus establishing his guilt as an accomplice. See State v. Barboza, 115 N.J. 415, 422 (1989). Judge Clark did just that and there were no grounds to object.

In his merits brief, defendant highlights claims made in his certifications submitted in support of his PCR petition: "he was not provided with discovery, did not understand the charges against him and was 'not in his right mind at the time he entered the plea'"; and that his counsel told him if he did not take "the plea offer for [an aggregate seventeen-year term he] would get [fifty-eight] years and [his] sister would get [forty] years[.]" To the extent these claims deal with issues relating to a PCR, and not to inadequate plea issues that are barred because they should have been appealed, see R. 3:22-4(a), they are bald and did not establish a prima facie case requiring an evidentiary hearing, R. 3:22-10(b); State v. Preciose, 129 N.J. 451, 462-63 (1992).

A "defendant must allege specific facts and evidence supporting his allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "do more than make bald assertions that he was denied the effective assistance of counsel," State v.

6

Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "Defendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation." Blake, 444 N.J. Super. at 299. Defendant's bald averments, belied by the record, do not establish a prima facie claim. And, contrary to defendant's argument, an evidentiary hearing is not to be used to explore PCR claims. See State v. Marshall, 148 N.J. 89, 157-58 (1997). As such, an evidentiary hearing was properly denied.

Judge Clark thoroughly reviewed the terms of the plea agreement and defendant's sentencing exposure. The factual basis for each charge established that defendant understood each; indeed, near the end of the plea colloquy, after defendant denied that he had "any questions about what [had] gone on . . . in court" that day, the judge asked defendant, "Is there anything that you did not understand?" Defendant answered, "[n]o."

The judge noted a report of a "competency evaluation from Ann Klein Forensic Center," dated sixteen days prior to the plea hearing, concluded defendant was competent. "Based on that report and several other reports that were done prior to [the Ann Klein] report," defense counsel confirmed defendant did not dispute the competency finding. The judge also inquired about medications defendant was taking for his psychiatric condition and ascertained

A-0506-18T3

that the prescribed drugs helped defendant's understanding. The judge observed: "[I]t appears that you've understood everything that's gone on here today based upon my back[-]and[-]forth questioning of you and your answers to both your attorney and the [p]rosecutor." Defendant agreed that it was "fair to say" he understood "everything" that occurred during the plea hearing. Indeed, he confirmed several times during the colloquy that he understood the judge's explanations, including the plea terms and his sentencing exposure. We discern no ineffective assistance of counsel issue that arose from defendant's mental health condition. See State v. Norton, 167 N.J. Super. 229, 232 (App. Div. 1979) (finding the defendant was "capable of understanding and voluntarily pleading guilty," despite his psychiatric problems, given he "evinced a good memory for the circumstances in which the offenses occurred" and psychiatric reports from his doctor "pronounced him competent"); State v. Colon, 374 N.J. Super. 199, 222 (App. Div. 2005) (rejecting defendant's argument that he "lacked the capacity" to enter a guilty plea because he was taking Depakote at the time of the proceedings, given that the court fully explored defendant's mental state at the time of the plea and determined defendant was acting "knowingly, voluntarily and intelligently").

A-0506-18T3

As Judge Clark noted, defendant's factual-basis colloquy evidenced his recollection of each of the discrete robberies, interjecting details about most. Further, there is no evidence of any threats or promises, or that defendant did not enter into the plea agreement voluntarily. Defendant admitted as much during the plea hearing.

Defendant's remaining contentions are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2). We note only that he admitted several times he reviewed the surveillance video provided in discovery and advanced no argument how the lack of discovery impacted on his decision to plead guilty.

In that this PCR petition involves a plea agreement, defendant "must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [defendant] would not have [pleaded] guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). The plea agreement called for a seventeen-year prison term with eighty-five percent parole ineligibility. Judge Clark advised defendant he faced a maximum ordinary term of ten years subject to the same parole ineligibility period on each of the four

second-degree robbery counts, all of which could have run consecutive.[2] Moreover, the judge told defendant, he faced up to twenty years on a regular term and, in that he was eligible to be sentenced to an extended term, his maximum exposure was life imprisonment. Under the circumstances, even if plea counsel was ineffective—which we do not determine or suggest— defendant has failed to show that "but for counsel's [alleged] errors, [he] would not have [pleaded] guilty and would have insisted on going to trial." See ibid. (quoting DiFrisco, 137 N.J. at 457).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] The second-degree robberies took place on July 20, 2012, December 18, 2012, January 3, 2013, and January 4, 2013, all against different victims in different stores.