**Richard BERNDT, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 3, 1987.

Permission to Appeal Dismissed by Supreme Court May 18, 1987.

Mark C. Travis, Noe & Travis, Morristown, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, Edward Sempkowski, Asst. Dist. Atty. Gen., Morristown, for appellee.

## OPINION

JONES, Judge.

On August 16, 1983, the appellant entered pleas of nolo contendere to three felony offenses of passing bad checks and was sentenced to serve a term of three years in the Department of Corrections as a Range I standard offender in each case. The trial court ordered the sentences to be served concurrently.

The appellant first attacked his convictions on July 22, 1985, when he filed a pro se "Application for Writ of Habeas Cor-

pus", later treated as a petition for post-conviction relief. On July 26, 1985, the trial court dismissed the petition on the ground the appellant had been released from the Department of Corrections on parole and was "no longer confined in any institution or restrained in any facility." This Court reversed the judgment of the trial court and remanded the cause for further proceedings. Subsequently, counsel was appointed to represent the appellant; and an amended petition for post-conviction relief was filed on behalf of the appellant. In his petition the appellant contended (a) his pleas of nolo contendere were not voluntarily, understandingly and knowingly made as required by law because the appellant was mentally incompetent at the time he entered the pleas; (b) the trial court should have conducted a hearing to determine the mental competence of the appellant to enter pleas of nolo contendere and waive his rights in view of the facts known by the court; and (c) a finding that appellant was competent to stand trial did not mean the appellant was competent to enter pleas of nolo contendere and waive his constitutional rights. The trial court afforded the appellant a full evidentiary hearing on the grounds alleged in the petition. At the conclusion of the hearing the trial court ruled the appellant failed to carry the burden of proof on the grounds alleged in the petition and dismissed the suit. The appellant has appealed to this Court pursuant to Rule 3(b), T.R.A.P.

The appellant became totally disabled as a result of a work-related accident in 1974. Prior to his arrest in 1983 the appellant had abused the drugs prescribed for him. However, the drugs were confiscated when he was arrested by Illinois authorities on March 25, 1983. From the date of his arrest through the date of the entry of the nolo contendere pleas, a period of three and one-half months, the appellant was continually confined to jail, and his ingestion of drugs severely restricted and regulated.

A mental examination, conducted prior to the appellant coming to Hamblen County, revealed the appellant was competent to stand trial on similar charges in Sevier

County. The appellant was also examined in Hamblen County at the request of defense counsel. The report of the Cherokee Mental Health Center, dated August 1, 1983, fifteen days prior to the entry of the nolo contendere pleas, stated the appellant was "both competent to stand trial and responsible for his actions." The appellant was also seen by Dr. John H. Kinser, a medical doctor, while confined to the Hamblen County Jail. Dr. Kinser saw the appellant as late as August 5, 1983, eleven days prior to the entry of the nolo contendere pleas. The appellant's complaints concerned numbness of his right side, a condition related to the injuries suffered in 1974. He did not complain about or relate any symptoms of drug withdrawal.

The appellant entered the pleas of nolo contendere because of his physical condition. At the hearing he testified "I just wanted to get everything over with because I was too sick. My arms and hands was going bad on me. I laid on that old hard mattress. I had been cold and had been hungry. And I was sick and tired of it." Prior to the entry of the pleas the appellant suggested to his attorney that he be permitted to plead nolo contendere rather than guilty after reading a pamphlet that had been provided by Legal Aid. The appellant was concerned that he might lose his social security disability benefits; and the appellant no doubt thought pleas of nolo contendere as opposed to guilty pleas might save these benefits.

When the appellant entered the nolo contendere pleas, the trial court complied with the mandates of Rule 11, Tenn.R.Crim.P. See *State v. Mackey,* 553 S.W.2d 337 (Tenn. 1977); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The appellant advised the court "I understand what's going on, sir." When asked if he had consumed "any alcohol or drugs in the last twenty-four hours," the appellant answered in the negative. The trial court fully explained the rights of the appellant, the range of punishment, release eligibility, and place of confinement; and the appellant advised the court he understood the explanations given. During the course of the hearing the appellant advised the trial court:

"Your, Honor, the social security people was here yesterday to give me some tests and they were talking about taking my social security away. If I go to the institution they'll take my disability. If they do I'm not going to have no money to pay [restitution]. It's not that I don't want to, I just won't have it."

Later the appellant asked the court if he would be sent to another county or the Department of Corrections after the hearing. Again repeating concern for the loss of benefits the appellant told the court: "The reason I'm saying this is, because if I don't go to the penitentiary my social security will keep running and that way may be I can go ahead and send Mr. Collins some money every month."

At the post-conviction hearing the appellant related that he was unaware of what transpired at the sentencing hearing because of his drug withdrawal symptoms, which had caused flashbacks and blackouts. He just answered the questions. He was not competent to waive his rights and enter the pleas of nolo contendere. However, the appellant admitted on cross-examination that he understood the nature of his pleas of nolo contendere. His complaint, he said, was being sent to the penitentiary, rather than the other counties, apparently resulting in the loss of his social security disability benefits. All he wanted was his freedom. He told the trial judge: "I've done my time, I feel I'm entitled to my release." He also stated that he did not necessarily want a new trial. He just wanted "to be free so if I want to get out of here I can get out of here." Shortly after the hearing the appellant's parole expired and he completed serving his sentence.

■ It is a fundamental principle of our system of criminal justice that one who is charged with a crime cannot be required to plead to the offense, be put to trial, convicted, or sentenced while insane or otherwise mentally incompetent. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Drope v. Missouri,* 420 U.S. 162, 95

S.Ct. 896, 43 L.Ed.2d 103 (1975); *State v. Stacy*, 556 S.W.2d 552 (Tenn.Crim.App. 1977); *Mackey v. State*, 537 S.W.2d 704 (Tenn.Crim.App.1975). The conviction of an accused while mentally incompetent violates the basic concepts of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Pate v. Robinson*, supra; *Drope v. Missouri*, supra. Such a conviction also violates Article I, Section 8 of the Tennessee Constitution.

When it is believed an accused is incompetent to stand trial or waive his or her rights, it is the duty of the court to conduct a hearing for the purpose of inquiring into the competence of the accused, and, where warranted, ordering a psychiatric examination and evaluation of the accused. T.C.A. § 33–7–301(a). This duty exists even in the absence of a motion seeking such a hearing. T.C.A. § 33–7–301(a). *See State v. Haun*, 695 S.W.2d 546 (Tenn.Crim.App.1985). In determining whether a court should have conducted a hearing *sua sponte* before permitting an accused to go to trial or enter a plea of guilty or nolo contendere, an appellate court may only consider those facts which were before the court when the trial commenced or the pleas were entered. See *Williams v. Bordenkircher*, 696 F.2d 464, (6th Cir.1983), cert. denied 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 287 (1983). In *Pate v. Smith*, 637 F.2d 1068, 1072 (6th Cir.1981), the Sixth Circuit Court of Appeals said the standard of review in such cases is "[w]hether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial", or enter pleas of guilty or nolo contendere. *See Williams v. Bordenkircher*, supra at 467.

In the case *sub judice* the trial court had previously conducted a hearing at the request of defense counsel and ordered the appellant to be evaluated; and the trial court had been advised by the person who evaluated the appellant that the appellant was competent to stand trial. The trial judge also had the opportunity to observe the appellant during court appearances, including the hearing conducted by the court when the appellant entered the pleas of nolo contendere. The transcript of this hearing is void of any statement or occurrence that would have mandated a *sua sponte* hearing. To the contrary, the record depicts the appellant as a very articulate person who often told the judge "I understand" in response to explanations made by the court. In addition, the colloquy which occurred between the appellant and the court regarding restitution and where he would be sent next illustrates the appellant was acutely aware that his social security disability benefits would be terminated if he was required to serve his sentence in the Department of Corrections. The appellant, who had bad check indictments pending against him in several other counties, envisioned serving his sentences in the various county jails before he became eligible for release, and, thus, he would not have to go to the penitentiary. As a consequence, the appellant would not lose his social security disability benefits, which were apparently his main concern. Such reasoning and maneuvering could only be the product of a rational and competent person. No reasonable judge would have believed, or had reason to believe, that the appellant might be incompetent to stand trial or enter pleas of guilty or nolo contendere. *See Williams v. Bordenkircher*, supra; *Speedy v. Wyrick*, 748 F.2d 481, 487 (8th Cir.1984). This Court, like the trial court, finds the appellant was fully aware of what he was doing when he entered the pleas of nolo contendere and had the requisite mental capacity and competency to enter the pleas as well as waive his rights.

There is nothing in the record to indicate the reports of Lakeshore Mental Health Institute or the Overlook Mental Health Center, Inc., were brought to the attention of the court before the appellant entered the nolo contendere pleas.

The appellant contends the contents of the presentence report mandated a hearing. We disagree. The report is based upon a single interview with the appellant,

and it is inaccurate in many respects. The person preparing the report did not verify the facts asserted in the report with any doctor, psychologist, or hospital. The conclusions drawn by the author of the report are not supported by factual recitations. Contrary to the report, the appellant did not have a history of psychiatric treatment. There were only court ordered evaluations. Also, the appellant had been confined to jail for three and one-half months and had not been using all, if any, of the drugs mentioned in the report following his arrest by the Illinois authorities.

■ The appellant also contends the fact he was found competent to stand trial does not mean that he was competent to enter pleas of nolo contendere and waive his constitutional rights. The appellant argues an accused who pleads guilty or nolo contendere must have a greater degree of awareness because his plea will result in the waiver of several rights guaranteed by both federal and state constitutions. This Court is urged to establish a more stringent standard, commonly referred to as the "reasoned choice standard", for determining the competency of an accused who pleads guilty or nolo contendere. *See Sieling v. Eyman*, 478 F.2d 211 (9th Cir.1973); *Chavez v. United States*, 641 F.2d 1253 (9th Cir.1981); *United States v. Masthers*, 539 F.2d 721 (D.C.Cir.1976); *In Re Williams*, 165 F.Supp. 879 (D.D.C.1958). We refuse to do so.

The argument for the creation of a dual standard of competency finds its origin in *Westbrook v. Arizona*, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966). *Westbrook* is a rather brief, per curiam opinion which deals exclusively with competence to waive the right to counsel at trial. *Sieling*, and the cases which have adopted its rational, have given *Westbrook* an overly broad interpretation. These decisions read into *Westbrook* a holding which is not supported by the opinion.

■ The standard for determining the competency of an accused to stand trial, i.e. the capacity to understand the nature and object of the proceedings, consult with counsel, and assist in the preparation of his or her defense, is the same standard to be applied in determining the competency of an accused to plead guilty or nolo contendere. A person who has been found competent to stand trial has the requisite mental competence to waive his or her rights and enter a plea of guilty or nolo contendere. This is the prevailing view in this country. W. Lafave & J. Israel, *Criminal Procedure* (West 1985) § 20.4(b). *See United States v. Harlan*, 480 F.2d 515, 517 (6th Cir.), cert. denied 414 U.S. 1006, 94 S.Ct. 364, 38 L.Ed.2d 242 (1973); *Allard v. Helgemoe*, 572 F.2d 1, 4–5 (1st Cir.), cert. denied 439 U.S. 858, 99 S.Ct. 175, 58 L.Ed.2d 166 (1978); *United States v. Valentino*, 283 F.2d 634 (2nd Cir.1960); *United States ex rel. McGough v. Hewitt*, 528 F.2d 339 (3rd Cir.1975); *Shaw v. Martin*, 733 F.2d 304, 314 (4th Cir.1984); *Malinauskas v. United States*, 505 F.2d 649, 654 (5th Cir.1974); *United States ex rel. Heral v. Franzen*, 667 F.2d 633, 638 (7th Cir.1981); *Wolf v. United States*, 430 F.2d 443, 444 (10th Cir.1970); *Stinson v. Wainwright*, 710 F.2d 743, 745 (11th Cir.1983).

There is no logical reason why the standards for determining competency to stand trial and pleading guilty or nolo contendere should be different. *See Shaw v. Martin*, supra at 314. Such a distinction would simply add confusion to an already confused criminal justice system as well as increase the cost of operating an already financially overburdened system. Also, the accused who elects to stand trial, like the accused who pleads guilty or nolo contendere, is faced with the waiver of constitutional rights. The accused who goes to trial may be called upon to decide whether to waive the right to (a) a jury trial, (b) cross-examination of a witness, (c) confrontation of a witness, (d) call witnesses in support of a defense, (e) testify or remain silent at trial, and (f) appeal, among other rights which may present themselves during the course of any given trial. And "there would exist the anomalous situation of a class of defendants adjudged competent to stand trial but incompetent to take advantage of the leniency in punishment accorded by plea bargaining agreements."

W. LaFave & J. Israel, *Criminal Procedure* (West 1985) § 20.4(b) at 803. *See Osborne v. Thompson*, 481 F.Supp. 162, 168–169 (M.D.Tenn.), aff'd 610 F.2d 461 (6th Cir.1979). This issue is without merit.

The judgment of the trial court is affirmed.

BYERS and CORNELIUS, JJ., concur.