IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1999 SESSION

FILED

January 11, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9902-CR-00081 |
| | ) | |
| | ) | Carter County |
| v. | ) | |
| | ) | Honorable Lynn W. Brown, Judge |
| | ) | |
| CONNIE L. ARNOLD, | ) | (Rape of a child and especially aggravated |
| | ) | sexual exploitation of a minor) |
| Appellant. | ) | |

For the Appellant:

Bob McD. Green
Post Office Box 28
Johnson City, TN 37605

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
Marvin S. Blair, Jr.
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

Joe C. Crumley, Jr.
District Attorney General
        and
Lisa D. Rice
Assistant District Attorney General
144 Alf Taylor Road
Johnson City, TN 37601

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

## O P I N I O N

The defendant, Connie L. Arnold, appeals as of right his convictions by a jury in the Carter County Criminal Court for child rape, a Class A felony, and especially aggravated sexual exploitation of a minor, a Class B felony. The trial court sentenced the defendant as a Range I, standard offender to consecutive sentences of twenty-five years and twelve years, respectively, to be served in the custody of the Department of Correction. The defendant contends that:

> (1) the trial court should have granted his motion for a new trial because his competency to stand trial was not evaluated despite the presence of irrational letters by the defendant contained within the court file;
>
> (2) the trial court erred in not directing sua sponte that the defendant's competency be evaluated; and
>
> (3) the prosecutor impermissibly commented upon the defendant's silence in her closing argument.

We affirm the judgments of conviction.

The defendant was indicted on three counts of child rape and two counts of especially aggravated sexual exploitation of a minor. The trial court granted the defendant's motion to sever one count of child rape and one count of exploitation that allegedly occurred in October 1994. Before the trial on these two counts, the defendant's appointed attorney, Tom McKinney, moved to withdraw because a conflict with the defendant made it impossible to provide effective assistance of counsel. The trial court granted this motion and appointed Richard Spivey to represent the defendant.

The case proceeded to trial on November 6, 1995. Earnest Hendrix, a cab driver, testified that on October 23, 1994, he was driving the defendant from Knoxville to Kingsport. He said that the defendant showed him a photograph depicting oral sex. Mr. Hendrix said that the defendant told him that the penis in the photograph was his and the girl was his daughter. The state introduced a Polaroid photograph into

2

evidence as exhibit two, and Mr. Hendrix identified it as the one displayed by the defendant. He testified that the defendant offered to have his daughter perform oral sex on him in lieu of the cab fare. Mr. Hendrix said that upon their arrival in Kingsport, he called the police.

The victim testified that she was eleven years old in October 1994. She said that before Halloween, she was attending to her sick grandmother when her father, the defendant, came to the door and motioned her out of the room. She said the defendant grabbed her arm and took her to his bedroom. She said he put his camera on the dresser, pushed her head down, stuck his penis in her mouth, and told her to go up and down on it. She said that he reached over and pushed the button on the camera. She identified exhibit two as the photograph the defendant made that day. The jury found the defendant guilty of both counts.

One month after the trial, the defendant filed five pro se motions requesting a new trial, a new attorney, copies of the evidence against him, and a copy of the transcript. On January 11, 1996, the trial court ordered the defendant to refrain from communicating with the court except through counsel. The court also granted defense counsel's motion to withdraw and appointed Stacy Street to represent the defendant. On January 19, 1996, the defendant was transported from the Johnson County Jail to Riverbend Correctional Facility for his safety. On July 10, 1996, the defendant filed four pro se motions requesting that the court dismiss the charges still pending against him, suspend the execution of any forthcoming sentence, and grant him a speedy trial. In these motions, the defendant claimed that he was not aware that he was charged with or tried for especially aggravated sexual exploitation of a minor. He also criticized Mr. Street for failing to act on his behalf. Mr. Street moved to withdraw, claiming that the defendant's accusations of providing ineffective assistance and conspiring with the state had a chilling effect upon his ability to represent the

3

defendant. On August 11, 1997, the trial court granted Mr. Street's motion and appointed present counsel to represent the defendant. The judgments were entered on March 27, 1998.

### I. MOTION FOR NEW TRIAL BASED UPON INCOMPETENCY

In his Statement of the Issues, the defendant contends that the trial court should have granted his motion for new trial because he received no evaluation of his competency to stand trial. He argues that the court file contains numerous irrational letters written by him and that they show his emotional instability. However, the defendant fails to address this issue in the Argument section of his brief. Furthermore, although the record presented for our review contains a number of pro se motions, it contains no letters written by the defendant. Issues "not supported by argument, citation to authorities, or appropriate references to the record" are waived. Tenn. Ct. Crim. App. R. 10(b); see also T.R.A.P. 27(a)(7) (requiring the appellant's brief to contain an argument with respect to the issues presented complete with citations to authorities and references to the record).

### II. SUA SPONTE COMPETENCY HEARING

The defendant contends that even in the absence of a motion for a competency hearing, the trial court has a duty to investigate the defendant's competency. He argues that in light of his behavior at trial, his inability to work with counsel, and the depravity of the alleged crimes, the trial court should have required, sua sponte, a hearing on his competency and ordered a mental evaluation. The state contends that the trial court did not abuse its discretion in not conducting a competency hearing.

The standard for determining whether a defendant is competent to stand trial is set forth in Dusky v. United States:

> [T]he "test must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as a factual understanding of the proceedings against him."

362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960). Tennessee has adopted the Dusky standard. State v. Black, 815 S.W.2d 166, 174 (Tenn. 1991); State v. Benton, 759 S.W.2d 427, 429 (Tenn. Crim. App. 1988); Mackey v. State, 537 S.W.2d 704, 707 (Tenn. Crim. App. 1975). In Mackey, this court stated that:

> Both Tennessee decisions and the federal constitution prohibit the trial of a defendant whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel and to assist in preparing his defense.

537 S.W.2d at 707 (citations omitted). If the trial court believes a question exists with regard to the defendant's competency, it has a duty to inquire into the defendant's competency sua sponte. Moten v. State, 935 S.W.2d 416, 420-21 (Tenn. Crim. App. 1996); Berndt v. State, 733 S.W.2d 119, 122 (Tenn. Crim. App. 1987); see Tenn. Code Ann. § 33-7-301(a) (providing that a court may order the defendant to undergo a mental examination on its own motion when the defendant is believed to be incompetent to stand trial). In determining whether a trial court should have examined the defendant's competency, the standard of review is whether a reasonable judge in the same situation should have felt doubt about the defendant's competency. Berndt, 733 S.W.2d at 122 (citing Williams v. Bordenkircher, 696 F.2d 464, 467 (6th Cir. 1981)).

Without further elaboration, the defendant contends that his behavior at trial should have raised a doubt about his competency. The state contends that with the exception of a single occasion, the defendant's behavior at trial was entirely proper. During the testimony of Patsy Snyder, the defendant's ex-wife, the trial court heard the defendant tell Ms. Snyder to say "no" to a question posed by the state. The court stopped the proceedings and sent the jury out. The court ordered the defendant not to say anything that could be heard by anyone other than his attorney and not to make

5

any gestures or signs to the witnesses. At the end of the day, the court complimented the defendant on his improved behavior. We do not believe that this incident should have raised a doubt in the mind of the trial judge about the defendant's competency. Furthermore, the record reflects that the defense attorney consulted with the defendant during voir dire and during the cross-examination of Ms. Snyder. At one point, the defense attorney explained that he and the defendant were late in returning from a recess because they had been discussing the case in another room. These instances illustrate that the defendant consulted with his attorney and participated in his defense.

The defendant contends that the appointment of four successive attorneys should have caused the trial court to order a competency hearing. Our review of the motions to withdraw and the pro se motions filed by the defendant between trial and sentencing leads us to believe that the defendant had an intense interest in managing his own defense. Rather than indicating an inability to understand the nature and consequences of the proceedings against him, these documents reveal that the defendant understood the importance of the case and would not be satisfied with what he believed to be ineffective representation. We do not believe that the defendant's claimed irascible and litigious nature should have raised a doubt about his competency.

The defendant contends that if the testimony of the witnesses is true, then the depravity of the defendant should have raised a doubt about his competency. The state contends that this argument implies that anyone committing a crime involving the sexual exploitation of children is presumptively incompetent. The nature of the crime indicates nothing about the defendant's ability to understand the proceedings against him, to confer with counsel and to assist in preparing his defense. The testimony that the defendant committed the crimes with which he was charged should not have raised a doubt in the mind of the trial judge with regard to the defendant's competency.

6

The defendant summarily argues that the record contains "multiple, voluminous[,] virtually irrational, accusatory and vituperative comments by the [defendant], which were available to the trial court" and which should have raised a doubt about the defendant's competency. The defendant does not indicate what these comments were or where in the record they are located. It is not the function of this court to rummage through the record to glean support for a defendant's summary assertions. See T.R.A.P. 27(a)(7). In any event, we have discovered nothing in the record that meets the defendant's description of his comments. In his pro se motions, the defendant refers once to the trial as a "kangaroo trial" and makes accusations of inaction and malpractice against his attorneys. However, our review of these motions reveals nothing that rises to a level of caustic and illogical accusation that would indicate incompetence to the trial court. We hold that a reasonable judge in the trial court's position would not have doubted the defendant's competency.

### III. COMMENT UPON THE DEFENDANT'S SILENCE

The defendant contends that the prosecutor implicitly commented upon the defendant's decision not to testify by arguing to the jurors that they had not heard any proof contrary to the state's position. He argues that the trial court's curative instruction did not render this error harmless because the inflammatory nature of the proof in this case made it impossible for the jury to disregard the prosecutor's comment. The state contends that the statement was not a reference to the defendant's decision not to testify. Alternatively, the state argues that even if the statement was improper, the defendant was not prejudiced.

The Fifth Amendment prohibits argument regarding the defendant's failure to testify. Griffin v. California, 380 U.S. 609, 615, 85 S. Ct. 1229, 1233 (1965). In the present case, the statement in question came near the end of the state's summation of the evidence presented:

7

> What is a fourth grader supposed to know?  What is a fourth grader supposed to remember?  They're not supposed to know to go up and down on a penis when it's in their mouth, but, that's what he told his daughter to do.  She knew that.  He told me to go up and down on it.  That's the life instruction that Connie Arnold gave his child.  Ladies and Gentlemen, you haven't heard any proof to the contrary.

The defendant objected and moved for a mistrial.  The trial court overruled the objection but provided the following curative instruction:

> Members of the Jury, I need to caution.  A defendant is not required to put on any witnesses.  A defendant under the Fifth Amendment to the United States Constitution has an absolute right to not testify, and you cannot consider those facts in any way against a defendant.  The burden is always upon the State of Tennessee to prove their case, and to prove every element of any case beyond a reasonable doubt.  That–that burden never shifts.  So you are not to consider in–in any way, or draw any assumptions from any failure of–of a defendant to either testify or call witnesses.  Is there any member of the jury who cannot follow the law in that regard, let me see your hand.

This court has held that comments indicating that the state's proof remains uncontradicted do not implicate the defendant's choice not to testify.  State v. Copeland, 983 S.W.2d 703, 709 (Tenn. Crim. App. 1998) (analyzing remarks regarding an imaginary chart which contained certain proof for the state on one side and contained no evidence contradicting that proof on the defendant's side); Thompson v. State, 958 S.W.2d 156, 168 (Tenn. Crim. App. 1997) (reviewing the failure to object to the state's argument that the defendant had offered no defense to the crime); State v. Thomas, 818 S.W.2d 350, 364 (Tenn. Crim. App. 1991) (analyzing the state's comment that "there's no other reasonable explanation, none given"); State v. Blackmon, 701 S.W.2d 228, 233 (Tenn. Crim. App. 1985) (analyzing the state's argument that the defendant had offered no "excuse or justification" for his escape); State v. Coury, 697 S.W.2d 373, 378 (Tenn. Crim. App. 1985).  The state's argument that the defendant instructed his daughter to perform oral sex and that the jury heard no proof to the contrary is of this nature.  The argument was proper.

8

Based upon the foregoing and the record as a whole, we affirm the judgments of conviction.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
Jerry L. Smith, Judge

_____
Thomas T. Woodall, Judge