IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1998 SESSION

FILED

February 9, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

MARY BETH CARUTHERS,      )
                          )      C.C.A. NO. 02C01-9806-CC-00162
          Appellant,      )
                          )      OBION COUNTY
VS.                       )
                          )      HON. WILLIAM B. ACREE, JR.,
STATE OF TENNESSEE,       )      JUDGE
                          )
          Appellee.       )      (Post-Conviction)

FOR THE APPELLANT:            FOR THE APPELLEE:


MARY ELLEN STEVENS           JOHN KNOX WALKUP
313 South Third St.          Attorney General & Reporter
Union City, TN 38261
                             MARVIN E. CLEMENTS, JR.
                             Asst. Attorney General
                             Cordell Hull Bldg., 2nd Fl.
                             425 Fifth Ave., North
                             Nashville, TN 37243


                             THOMAS A. THOMAS
                             District Attorney General


                             JIM CANNON
                             Asst. District Attorney General
                             P.O. Box 218
                             Union City, TN 38281-0218

OPINION FILED:_____



AFFIRMED



JOHN H. PEAY,
Judge

**O P I N I O N**

On June 3, 1996, the petitioner entered a negotiated plea of guilty to attempted first-degree murder and aggravated arson. Pursuant to the plea agreement, the petitioner was sentenced to concurrent fifteen year sentences as a Range I standard offender. On May 27, 1997, upon learning that she would not be eligible for release until she served eighty-five percent of her sentence, she filed a "Petition for Appeal of Sentence," claiming that her plea was involuntary and that she had received ineffective assistance of counsel. Upon the petitioner's request, the trial court treated the petition for appeal of sentence as a petition for post-conviction relief. The trial court denied the petition and the petitioner now appeals this decision. After a review of the record and the applicable law, we find no merit to the petitioner's appeal and thus affirm the judgment of the court below.

On January 17, 1996, the petitioner shot her fourteen-year-old disabled daughter in the chest. The petitioner then set fire to the room in which her daughter was lying. The fire consumed part of the trailer and both the petitioner and her daughter were burned. Miraculously, the petitioner's daughter survived both the gunshot wound and the fire. During the police investigation, the petitioner was Mirandized and interrogated, and she confessed to both of the crimes. The petitioner was then appointed counsel. The petitioner's counsel, Joseph Atnip, testified that he met with the petitioner approximately four times while she was in jail. He stated that although the petitioner cried during their entire first meeting, she was better able to communicate after she returned from a mental evaluation.[1] However, other than discussing the plea agreement form, he was never able to discuss the facts of the case in detail with the petitioner. Mr. Atnip further testified that he remembered discussing with the petitioner a thirty percent release eligibility date

---

[1] The petitioner was evaluated at the Middle Tennessee Mental Health Institute where she was found capable of adequately defending herself in a court of law.

regarding the attempted first-degree murder charge. However, he did not remember discussing with the petitioner any release eligibility date regarding the aggravated arson charge. Mr. Atnip believed that he was more focused on the charge of first-degree murder than the charge of aggravated arson. He also testified that he would have advised the petitioner to plead guilty pursuant to the plea agreement regardless of the eighty-five percent release eligibility date for the aggravated arson charge.

The State argues that the post-conviction court should have dismissed the petition for post-conviction relief because it was filed outside of the applicable one year statute of limitations. It is undisputed that the petitioner filed her petition for appeal of sentence within one year of the final judgment. However, after that one year had passed, the petitioner asked the post-conviction court to treat the petition as a petition for post-conviction relief. The trial court granted her request, appointed her counsel, and allowed her thirty days to amend the petition.

The State argues that since the one year statute of limitations had already expired by the time the petitioner asked the court to treat the petition as a petition for post-conviction relief, the petition is barred. The State further argues that since the trial court is required by T.C.A. § 40-30-206(a) to enter a preliminary order to a post-conviction petition within thirty days of its filing, and the petitioner did not make her request until four months after the original petition was filed, it should not have been treated as a post-conviction petition.

We note that a "trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought." Flowers v. Traughber, 910 S.W.2d 468, 469-70 (Tenn. Crim. App. 1995) (citing Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995)). It appears that the trial court did not know to treat this petition for appeal of sentence as a post-conviction petition until it was retitled. After the petition

was retitled, the trial court entered a preliminary order within thirty days in accordance with the post-conviction statute. Even assuming that the time requirement of T.C.A. §40-30-206 was not met, the statute does not proscribe a penalty where a court fails to comply with the thirty day time period. There is nothing in the statute that would justify prejudicing the petitioner and dismissing her petition because the trial court failed to follow the time guideline set out in the statute. As such, this contention is without merit.

The petitioner's first contention is her guilty plea was not knowingly and voluntarily made because at the time of the guilty plea neither she nor her attorney considered the fact that she would have to serve eighty-five percent of her sentence for aggravated arson. The post-conviction court found that although the petitioner was not made aware of this release eligibility date, her guilty plea was still knowingly and voluntarily made.

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his [or her] petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

The United States Supreme Court has held that the standard in determining whether a guilty plea is voluntary and knowing is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). In addition, the Tennessee Supreme Court has held that:

> [A] court charged with determining whether . . . pleas were "voluntary"
> and "intelligent" must look to various circumstantial factors, such as
> the relative intelligence of the defendant; the degree of his familiarity

4

> with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The defendant contends that her guilty plea was unknowing and involuntary because she was not made aware of the release eligibility date regarding her fifteen year sentence for aggravated arson. However, this Court has held that "[i]t is not necessary that Appellant know the exact date of his possible release for the plea to be voluntary." Jerome Lamont Wolley v. State, No. 01C01-9311-CR-00402, Davidson County (Tenn. Crim. App. filed October 20, 1994, at Nashville). This Court has further held that a guilty plea is not rendered constitutionally invalid because a defendant is not informed about the details of her parole eligibility, including the possibility that she is ineligible for parole. Rickey Sams v. State, No. 03C01-9511-CC-00368, Sullivan County (Tenn. Crim. App. filed November 14, 1996, at Knoxville). The ultimate question in determining the voluntariness of a plea is whether the defendant understood the consequences of his or her plea. Wolley, slip op. at 6 (citing Alford, 400 U.S. at 25). "Although the actual length of confinement is an important consequence of the voluntariness calculus, it is the stated term of incarceration at the sentencing and the formula for its calculation that are the direct consequences which warrant actual knowledge on the part of Appellant." Wolley, slip op. at 6.

It is clear in the case at hand that the petitioner was made aware of the stated term of incarceration (fifteen years). The fact that she was not told of an exact date of release regarding the charge of aggravated arson does not render her guilty plea unknowing and involuntary. As such, this contention is without merit.

The defendant next argues that her guilty plea was rendered involuntary and unknowing in light of the petitioner's mental condition "in that she did not understand

5

the guilty plea and did not understand her constitutional rights when she confessed to the crime." As stated previously, this Court is bound on appeal by the post-conviction court's findings of fact unless the evidence in the record preponderates otherwise. See McBee, 655 S.W.2d at 195. The post-conviction court specifically found that the petitioner's guilty plea was not involuntary and unknowing due to her mental condition because there was no evidence to substantiate any claim of insanity. In fact, the court noted the petitioner was found to be mentally competent at the time of the offense and mentally competent to stand trial by the Middle Tennessee Mental Health Institute.

It seems that the petitioner has confused the issue as to whether her pleas were knowing and voluntary with the issue of whether she was competent to plead guilty. These are two distinct issues. See Moten v. State, 935 S.W.2d 416, 420 (Tenn. Crim. App. 1996).

> The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the ability to understand the proceedings. The purpose of the "knowing and voluntary" inquiry, by contrast, is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced.

Id. (quoting Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993)). It seems that the petitioner, as the appellant in Moten, is arguing that she was incompetent to enter her guilty pleas. This Court has held that when it appears that an accused is incompetent to waive his or her rights, it is the trial court's duty to conduct a hearing to determine the accused's competence and, if necessary, order a psychiatric evaluation. Id. (citing Berndt v. State, 733 S.W.2d 119, 122 (Tenn. Crim. App. 1987)). In the petitioner's case, the trial court ordered a psychiatric evaluation before she entered her guilty pleas. The evaluation indicated that the petitioner was competent at the time of the offense and capable of adequately defending herself in a court of law. As the petitioner has offered no evidence to preponderate against the trial court's finding that she was mentally competent when she entered her guilty pleas, this contention is without merit.

6

The petitioner's final contention is that the trial court erred in finding that she had received the effective assistance of counsel. In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). To satisfy the requirement of prejudice, the petitioner would have had to demonstrate a reasonable probability that, but for counsel's errors, he [or she] would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The post-conviction court held that the petitioner offered no evidence to substantiate the claim that she received the ineffective assistance of counsel. The record fully supports the findings of the trial court.

The petitioner contends that Mr. Atnip was ineffective because he did not advise her that her guilty plea to aggravated arson required that she serve eighty-five percent of the sentence. Mr. Atnip admitted that he did not advise the petitioner of the eighty-five percent release eligibility date with regard to a conviction for aggravated arson. However, a petitioner claiming he or she received ineffective assistance of counsel must prove not only that the counsel's representation fell below an objective standard of reasonableness, but also that this performance prejudiced the defense. Strickland, 466 U.S. at 687-88; Best, 708 S.W.2d at 422. In the case of a guilty plea, in order to show

7

prejudice the petitioner must prove that but for counsel's errors he or she would not have pled guilty and would have insisted on going to trial. See Hill, 474 U.S. at 59; Bankston, 815 S.W.2d at 215.

In the case at bar, even assuming the petitioner has shown that Mr. Atnip's representation fell below an objective standard of reasonableness because he failed to inform her of the applicable release eligibility date, the petitioner has failed to prove that but for counsel's errors she would not have pled guilty. In fact, Mr. Atnip testified that had he been aware of the eighty-five percent release eligibility date he still would have advised the petitioner to plead guilty. In light of the strength of the evidence against her, the petitioner has not proven she would have disregarded this advice and nonetheless proceeded to trial. Thus, the petitioner has failed to prove prejudice.

The petitioner next contends that Mr. Atnip was ineffective because he failed to meet with her a sufficient amount of time to adequately advise her, failed to investigate the facts surrounding her confessions, failed to advise the petitioner that these confessions could be attacked and possibly excluded from evidence, failed to seek the appointment of an independent psychological expert in the face of his own misgivings about her competence, and failed to make any effort to develop any defense on her behalf. However, Mr. Atnip met with the petitioner on at least four occasions while she was in jail and discussed the case with her several times on the phone as well as through other correspondence. Although Mr. Atnip testified that the petitioner was not able to communicate with him during the first meeting, at subsequent meetings he was able to go over the plea agreement form with her and discuss the case generally. He also testified that the petitioner was better able to communicate after returning from her mental evaluation at the Middle Tennessee Mental Health Institute. In addition, Mr. Atnip testified that if the case had been going to trial he would have investigated the confessions and the case more thoroughly. As such, the post-conviction court found that

8

the petitioner had failed to offer evidence to substantiate these claims. As the petitioner has failed to offer evidence that would preponderate against this finding, this contention is without merit.

The petitioner further contends that Mr. Atnip was ineffective because he did not advise her that the jury would have been required to consider any applicable lesser included offenses. However, the post-conviction court found there was no evidence to substantiate this claim and, as the petitioner has not offered any evidence to preponderate against this finding, this contention is without merit.

In sum, we agree with the post-conviction court's findings that the petitioner's plea was voluntarily, understandingly, and knowingly made and that the petitioner received effective assistance of counsel. We affirm the post-conviction court's denial of this petition.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
DAVID G. HAYES, Judge


_____
L. T. LAFFERTY, Senior Judge